# McGuigan, Appellant, *v.* Pennsylvania Railroad Company.

*Negligence—Railroads—Collision with street car—Case for jury.*

1. In an action by a passenger in a street railway car against a steam railroad company to recover damages resulting from a collision between the street car and a train at a crossing of the two roads an inference of negligence arises against the railroad company where it appears that its watchman signaled the street car to cross when there was not time for it to do so before the train backed on the crossing. In determining whether there was time to cross, the speed of the train and the probability of the street car's being accidentally delayed were to be taken into consideration.

2. In an action by a passenger on a street car against a railroad company to recover damages for personal injuries sustained at a grade crossing, it appeared that the car was stopped five feet from the safety gates, which were up, and the conductor went forward on the crossing. When he reached the railroad tracks, the defendant's watchman who was stationed in a tower from which he operated the gates signaled to him to go ahead and he in turn signaled to the motorman to cross. When the car reached the middle of the crossing, the motorman saw a train of tank cars 125 or 150 yards from him, of the approach of which no signal had been given. He turned the power on quickly in order to get across. The car stopped on the railroad tracks and the back end of it was struck within a few seconds afterwards. The time given by the witnesses during which the car stood before the collision, varied from one to six seconds. The stopping of the car was due to the trolley getting off the wire or to the blowing out of the hood switch, a device designed to prevent the burning out of the motor in case the power is turned on too rapidly. *Held*, that the case was for the jury.

Argued March 26, 1909.  Appeal, No. 3, Jan. T., 1909, by plaintiffs, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1906, No. 3,199, on verdict for defendant in case of Roland McGuigan v. Pennsylvania Railroad Company.  Before MITCHELL, C. J., FELL, MESTREZAT, ELKIN and STEWART, JJ. Reversed

Trespass to recover damages for personal injuries.  Before WILTBANK, J.

The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*David Wallerstein,* with him *John G. Dunlap* and *Francis Fisher Kane,* for appellant.—The jury should have been allowed to pass on the question of the defendant's negligence: Custer v. B. & O. R. R. Co., 19 Pa. Superior Ct. 365; Philadelphia & Reading R. R. Co. v. Killips, 88 Pa. 405; Lehigh Valley R. R. Co. v. Brandtmaier, 113 Pa. 610; Seifred v. Pennsylvania R. R. Co., 206 Pa. 399; Doud v. Delaware, etc., R. R. Co., 203 Pa. 227; Beach v. Pennsylvania R. R. Co., 212 Pa. 567.

*John Hampton Barnes,* for appellee.

OPINION BY MR. JUSTICE FELL, May 10, 1909

The plaintiff was injured in a collision between a street car in which he was a passenger and a train of oil tank cars which was running backwards at a street crossing of the defendant's road. The street car was stopped five feet from the safety gates, which were up, and the conductor went forward on the crossing. When he reached the railroad tracks, the defendant's watchman, who was stationed in a tower from which he operated the gates, signaled to him to go ahead and he in turn signaled to the motorman to cross. When the car reached the middle of the crossing, the motorman saw a train of tank cars 125 or 150 yards from him, of the approach of which no signal had been given. He turned the power on quickly in order to get across. The car stopped on the railroad tracks and the back end of it was struck within a few seconds afterwards. The time given by the witnesses during which the car stood before the collision, varied from one to six seconds. The stopping of the car was due to the trolley getting off the wire or to the blowing out of the hood switch, a device designed to

prevent the burning out of the motor in case the power is turned on too rapidly.

Under this state of facts a verdict was directed for the defendant on the ground that the evidence would not justify a finding of negligence on its part. In this conclusion we are unable to concur. The situation at the crossing as to safety was largely in the charge of the defendant's watchman. It was his duty to observe the movement of trains and to give warning of danger to persons about to cross. Others were not relieved of the duty of vigilance but their actions would be to a great extent influenced by his assurance of safety. To signal for a street car to cross, when there was not ample time for it to do so before the oil cars would be backed on the crossing was ground for the inference of negligence. In determining whether there was time for it to cross, the speed of the approaching train and the probability of the car's being accidently delayed were to be taken into consideration. The conductor was not to be given the bare chance, with a margin of safety of a few seconds, to get over if nothing happened, but a reasonable opportunity in view of the probability that something might happen to retard or entirely stop the progress of the car. The stoppage of a car by the coming off of the trolley is not an unusual occurrence, especially at a railroad crossing, where the jar of the car in crossing the tracks may cause it. If the car stopped because the hood switch was blown out, by the rapid turning on of the power, the stoppage was due to the motorman's effort to escape a danger into which he had been led by the watchman's signal. We do not decide that there was negligence that would make the defendant responsible, but that the question of negligence was for the jury. The effect of the release given by the plaintiff to the street car company was not passed upon by the learned trial judge, because it was unnecessary to do so in view of the conclusion he reached as to the proof of negligence, and our consideration of it at this time would be premature.

The judgment is reversed with a venire facias de novo.