# Hoffman *v.* Pittsburgh & Lake Erie R. R., Appellant.

*Negligence—Railroads—Grade crossing—"Stop, look and listen"*
*—Contributory negligence—Collision between train and wagon—*
*Duty of driver and his helper—Watchman—Signals—Positive and*
*negative testimony.*

1. Where the driver of a wagon and his helper are both engaged in the same work and in carrying out a common purpose, the same measure of duty is imposed upon both of them in approaching the grade crossing of a railroad.

2. One about to drive a vehicle across a railroad at a crossing, who stops before entering upon the tracks, and finds his view obstructed, must alight and go forward to a point which affords a better outlook.

3. If such person stops at the usual stopping place where a view of the tracks is obtainable for a reasonable distance, the question whether he should have gone forward to a better location to look, is for the jury.

4. While a watchman's presence at a grade crossing does not relieve persons crossing from exercising the care imposed upon them by law for their own safety, it is nevertheless a matter for the jury to consider as bearing upon the question of contributory negligence.

5. The failure of a watchman at a grade crossing to warn travelers of approaching trains is evidence bearing on the question of his negligence for which his employer would be liable.

6. Where witnesses in a grade crossing case state that they were in a position to observe an approaching train, and in fact were looking and listening for it, their testimony that no signal was given, is not negative in character, but is sufficiently positive to establish a prima facie case for plaintiff and raise a question for the jury.

Argued May 21, 1923. Appeal, No. 93, Oct. T., 1923, by defendant, from judgment of C. P. Allegheny Co., April T., 1921, No. 75, on verdict for plaintiff, in case of Barbara Hoffman *v.* Pittsburgh & Lake Erie Railroad. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband.   Before SHAFER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $12,000.   Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment n. o. v., quoting record.

*George D. Wick,* with him *William W. Booth* and *Reed, Smith, Shaw & McClay,* for appellant.—Plaintiff's negative testimony regarding warning signals given by defendant is not sufficient to prove defendant negligent: Craft v. Hines, 272 Pa. 499; Rapp v. R. R., 269 Pa. 266; Haverstick v. R. R., 171 Pa. 101.

Plaintiff's husband and his companion were guilty of contributory negligence as a matter of law: Martin v. R. R. Co., 265 Pa. 282; Dunlap v. P. R. T. Co., 248 Pa. 130; Laudenberger v. Transit Co., 261 Pa. 288.

It was the imperative duty of either Hoffman or Smith, or both, when they could not have a view of the tracks, to get down from the wagon on which they were riding and go forward to a point where they could have an unobstructed view of the tracks: Urias v. R. R., 152 Pa. 326; McKahan v. R. R., 223 Pa. 1; Dehoff v. Ry., 229 Pa. 192; Darbrinsky v. Ry., 247 Pa. 177; Wojochoski v. R. R., 10 Pa. Superior Ct. 469; Lohrey v. R. R., 36 Pa. Superior Ct. 287; Kinter v. R. R., 204 Pa. 497; Sakall v. R. R., 272 Pa. 89; Provost v. Director General, 265 Pa. 589.

*Roy Rose,* with him *H. Stewart Dunn* and *Gray, Thompson & Rose,* for appellee, cited, as to negligence of defendant: Simons v. Ry., 254 Pa. 507; Rauch v. Smedley, 208 Pa. 175; Razzis v. Ry., 273 Pa. 550; McGuigan v. R. R., 224 Pa. 594; Gerg v. R. R., 254 Pa. 316.

As to contributory negligence: Siever v. Ry., 252 Pa. 1; Razzis v. Ry., 273 Pa. 550.

OPINION BY MR. JUSTICE FRAZER, June 23, 1923:

Plaintiff sued, on behalf of herself and minor children, to recover damages for the death of her husband, who was killed at a grade railroad crossing in the City of Pittsburgh. The questions of defendant's negligence and deceased's contributory negligence were submitted to the jury and a verdict returned for plaintiff; from judgment entered thereon defendant appealed.

Deceased was employed as a driver of an ice wagon and at the time of the accident was engaged in the performance of his duty in charge of a delivery wagon drawn by two horses. Another employee of the company, a helper in making delivery, was driving the team; both being engaged in the same work and carrying out a common purpose, the same measure of duty was imposed upon deceased and his helper. The case was correctly submitted to the jury on this theory: Dunlap v. Transit Co., 248 Pa. 130, 133. At the place of the accident defendant company had seven tracks, the first four and the last were used as sidings, the fifth and sixth being main tracks. The evidence offered on behalf of plaintiff tends to show that at the time defendant and his companion arrived at the crossing a freight train was passing and after it had crossed the street they looked and listened and, hearing no approaching train, and the flagman stationed at the crossing having lowered his stop sign and motioned them to proceed, started to cross the tracks. The place at which they stopped was, according to plaintiff's witnesses, the customary stopping point to look and listen for approaching trains and, owing to obstructions by freight cars standing on the sidings at the time, a view of the tracks was limited to approximately 100 feet in the direction from which the train which struck the wagon came. Four tracks were crossed in safety and the rear end of the wagon was struck on the main westbound track as it had almost cleared the last rail.

Defendant's contention is that decedent and his companion were negligent in not having gone forward in ad-

vance of their wagon to a point where a better view was obtainable. The rule is that where one about to drive a vehicle across a railroad at a crossing stops before entering upon the tracks and finds his view obstructed, he must alight and go forward to a point which affords a better outlook. Stopping where approaching danger is not visible is not an observance of his duty to stop, look and listen; if, however, he stops at the usual stopping place where a view of the tracks is obtainable for a reasonable distance, the question whether he should have gone forward to a better location to look is one for the jury to determine under all the circumstances: Siever v. Ry. Co., 252 Pa. 1. In the present case we have, in addition to the wagon stopping at the usual place, the further fact of a watchman at the crossing, whose duty was to give persons about to enter upon the tracks notice of approaching trains, and while the presence of the watchman will not excuse those using the highways from exercising the care imposed upon them by law for their own safety, nevertheless it was a matter for the jury to consider as bearing upon the question of contributory negligence: McGuigan v. R. R., 224 Pa. 594; Gerg v. R. R., 254 Pa. 316.

The action of the watchman was also evidence from which the jury might properly conclude negligence on his part in failing to perform his duty. He was placed there for the express purpose of giving warning of approaching trains and, although, as stated above, persons are not justified in relying entirely upon his assurance of safety, nevertheless, it being his duty to notify travelers using the highways of approaching trains, failure to perform such duty is evidence bearing on the question of his negligence for which his employer would be liable: Gerg v. R. R., supra. While the testimony of plaintiff's witnesses as to the action of the watchman was contradicted by defendant, this raised a question for the jury.

Plaintiff offered evidence to the effect that warning was not given of the approaching train. Defendant

argues this evidence was negative in character and entitled to no weight as against positive testimony of the engineer and other witnesses that the bell was rung and whistle sounded as the train approached the crossing. The driver of the team testified that after the freight train passed they "looked and listened and didn't hear anything coming and I seen the flagman waving us across with his left hand; he had his sign down neutral, that is edgewise; we started across and we looked and listened and didn't hear a thing until the horses got on the track." Also that, before starting his team, decedent stated "there goes the watchman motioning for you......everything looks clear, there is nothing coming"; the witness further said he did not hear a whistle or warning and if a whistle had been blown at the usual place he would have heard it. This latter testimony was corroborated by a disinterested witness waiting at the crossing who testified no bell was rung or whistle blown and that if such warning had been given he would have heard it. These witnesses were in a position to observe the approaching train and, in fact, were looking and listening for it. Their testimony was not, under the circumstances, negative in character but sufficiently positive to establish a prima facie case for plaintiff and raise a question for the jury: Simons v. Ry., 254 Pa. 507; Razzis v. Ry., 273 Pa. 550.

The judgment is affirmed.