# Griffiths, Appellant, v. Lehigh Valley Transit Co.

# Quinn, Appellant, v. Lehigh Valley Transit Co.

*Negligence—Automobiles—Street railway—Collision—Crossing tracks—Contributory negligence—Driver's negligence—Chargeable to passengers.*

1. It is the duty of one about to cross the tracks of a street railway in an automobile to look and listen for approaching cars, and to continue to look until the tracks are crossed.

2. If the physical facts show beyond doubt that the driver of an auto, struck by a car, must have seen it if he had looked, he is guilty of contributory negligence.

3. Where two persons in an auto are engaged with the driver in a common employment, and a danger is patent to all of them, they are chargeable with the contributory negligence of the driver.

Argued January 31, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 113 and 114, Jan. T., 1928, by plaintiffs, from judgment of C. P. Montgomery Co., June T., 1922, Nos. 81 and 82, on directed verdict for defendant, in cases of Robert W. Griffiths v. Lehigh Valley Transit

Co. and Edward L. Quinn v. Lehigh Valley Transit Co. Affirmed.

Trespass for personal injuries. Before SMITH, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendant. Plaintiffs appealed.

*Errors assigned* were directions for defendant, quoting record.

*Michael D. Hayes,* with him *Chas. D. McAvoy* and *Wilson & McAdams,* for appellants.—Plaintiffs were not guilty of contributory negligence: McClung v. Cab Co., 252 Pa. 478; Mackey v. Traction Co., 227 Pa. 482; McCracken v. Traction Co., 201 Pa. 378; Jennings v. R. R., 84 Pa. Superior Ct. 442; Flounders v. Traction Co., 280 Pa. 85; Naye v. Traction Co., 71 Pa. Superior Ct. 207; Armstrong v. Traction Co., 72 Pa. Superior Ct. 160; Becker v. Transit Co., 81 Pa. Superior Ct. 33; Smathers v. Ry., 226 Pa. 212; Francis v. Ry. Co., 66 Pa. Superior Ct. 497; Emmelt v. Transit Co., 89 Pa. Superior ·Ct. 417; Bowser v. Light Co., 267 Pa. 483; Sheetz v. Traction Co., 49 Pa. Superior Ct. 177; King v. Ry., 242 Pa. 497.

*Franklin L. Wright,* with him *Charles Townley Larzelere,* for appellee.—It is the inflexible duty of the traveler to look for an approaching street car immediately before entering upon the track: Clifford v. Transit Co., 269 Pa. 304; Moses v. Ry., 258 Pa. 537; Ervay v. Traction Co., 240 Pa. 440; Smathers v. Ry., 226 Pa. 212; Timler v. Transit Co., 214 Pa. 475; McCracken v. Traction Co., 201 Pa. 378; Kanneberg v. Traction Co., 215 Pa. 555; Houston Bros. v. Traction Co., 28 Pa. Superior Ct. 374; Gilmore v. Traction Co., 26 Pa. Superior Ct. 97; Kern v. Traction Co., 194 Pa. 75;

Shope v. Traction Co., 242 Pa. 207; March v. Traction Co., 209 Pa. 46; Trout v. Ry., 13 Pa. Superior Ct. 17; McCartney v. Traction Co., 27 Pa. Superior Ct. 222.

Appellants were engaged in a joint undertaking: Dean v. R. R., 129 Pa. 514; Dunlap v. Transit Co., 248 Pa. 130; Kirschbaum v. Transit Co., 73 Pa. Superior Ct. 536; Wade v. R. R., 220 Pa. 578; Martin v. R. R., 265 Pa. 282; Hill v. Transit Co., 271 Pa. 232.

OPINION BY MR. JUSTICE SADLER, March 12, 1928:

On March 30, 1921, Griffiths and Quinn, were occupants of an automobile, driven by one Greenbaum, all engaged in the common business of salesmen. The first two named were injured in a collision with a car of the Lehigh Valley Transit Company in the village of Rittersville, located between Bethlehem and Allentown, and brought separate actions of trespass to recover for injuries sustained. The two suits were tried together, and terminated in binding instructions for defendant, and judgments were subsequently entered for it. Appeals were taken in both cases, and heard as one. A single opinion will suffice to dispose of both.

The William Penn Highway passes through the village, and on the north side are laid the tracks of the defendant. Beyond to the north is located a hotel, and to the west of it is an open yard forty-five feet wide, used by the public but not a part of the legally opened street. On the west side of this space is a store, facing the main thoroughfare, but having a side entrance on the hotel yard. The automobile in which the plaintiffs were riding was driven into this open space on the hotel side, turned, brought to the store building and parked with its front about six feet from the first westbound rail of the trolley track. The auto was left standing in that position while plaintiffs descended and entered the store on their merchandising errand.

The tracks of the defendant were placed some six feet from the hotel, which had constructed on its

front an open seven-foot porch. The only obstructions to vision along the latter, as shown by the photographs, were four slender posts, though some testimony of plaintiffs would indicate that there was a built-up railing. At a point six feet from the track, where the auto was standing, there was a clear view toward Bethlehem along the track for about 800 feet. Assuming the porch to have been enclosed, sight could be had for a considerable distance. In front of the store was a telegraph pole, and the motor car was wedged against it when the collision occurred.

After the plaintiffs had completed their business in the store, the driver Greenbaum entered the car. Griffiths, one of the plaintiffs, cranked the machine, looked down the track, which could be clearly seen for about 800 feet, and saw nothing, as he testified. Quinn, the other plaintiff, who was first standing at the end of the radiator, also went forward to observe, and likewise found the track clear. All then entered the automobile, and, after a slight interval, started forward. The motor was almost instantaneously struck by a trolley car coming from Bethlehem, and pushed against the telegraph pole. Its movement forward had not exceeded six feet, and its front wheels just reached the first track. There can be but one conclusion, and that is that the occupants failed to look, for none of them, according to their testimony, saw the trolley car approaching, though it must have been plainly visible.

There is no evidence which would justify a finding that the trolley car was moving at an excessive speed, as averred. A movement of 15 to 20 miles an hour in suburban territory (McKee v. Harrisburg Traction Co., 211 Pa. 47) would not show this. The physical facts negative any such contention, for after the collision the damaged motor was found fastened against the car at the telegraph pole. There was testimony that later the trolley car was found standing one length beyond, but this was evidently the result of its movement for-

ward after the accident. Nor was there sufficient evidence to show a failure to give a proper signal. The car was not approaching a street crossing, but passing the open hotel yard, though permissively used by the public. Griffiths testified he heard a whistle just as the auto reached the track. But whether there was any proof of lack of due care is immaterial, under the facts in this case, for the contributory negligence of plaintiffs is so clear as to prevent a recovery.

It is the duty of one about to cross the tracks of a street railway to look and listen for approaching cars, and if it appears that the accident resulted by reason of failure to do so no recovery can be had. The authorities controlling such situations are fully presented in the opinion of Mr. Justice WALLING, in Barton v. Lehigh V. T. Co., 283 Pa. 577, and need not be repeated here. In this case, the plaintiffs testify, and we must take their statements as verity, that they did look before entering their auto, but this did not satisfy their duty. They were bound to continue to observe. When they started, the front of their car was six feet from the track, and they were seated seven feet to the rear, making in all a distance of thirteen feet. At that point there was a view toward Bethlehem of from 700 to 800 feet. If we assume they could see only to the corner of the hotel,—a fact negatived by the photographs,—the line of vision would extend for seventy-five feet. The roadster in which they were riding had but six feet to move before gaining the first track, yet the front wheels were hit just as it was reached, and the car thrown against the pole at the corner. The maps giving locations and distances, and the photographs, clearly show the approaching car must have been seen had they been observant. Under such circumstances, a jury should not be permitted to conjecture that plaintiffs did their duty: Barton v. Lehigh V. T. Co., supra. The facts which are uncontradicted, taken in connection with the exhibits, make evident the physical surroundings, and

494 GRIFFITHS, Aplnt., *v.* LEHIGH VALLEY TR. CO.

show beyond doubt that plaintiffs must have seen had they looked, and, because of this failure to use due precaution for their own safety, binding instructions were properly given for defendant: Folger v. Pittsburgh Rys. Co., 291 Pa. 205, and cases there cited.

The two plaintiffs, and the driver of the machine, were engaged in a common enterprise, so as to charge one with the negligent act of the other. It is not contended in this case that the parties did not stand in that position, and though the negligence in driving onto the track with the car in full view may have been that of Greenbaum, plaintiffs are likewise chargeable therewith: Hill v. P. R. T. Co., 271 Pa. 232; Dunlap v. P. R. T. Co., 248 Pa. 130.

Though the accident was unfortunate, the defendant, under the circumstances, cannot be charged with liability therefor.

Both judgments are affirmed.