Otis et al., Appellants, v. Kolsky.

Argued October 8, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Francis H. Bohlen, Jr.*, and with him *Saul, Ewing, Remick and Saul*, for appellants.

*Harry S. Ambler, Jr.*, and with him *Frank R. Ambler*, for appellee.

OPINION BY HENDERSON, J., December 13, 1928:

Five actions were brought against the defendant, growing out of an automobile collision at the intersection of Washington Lane and Greene Street, in Germantown. One of the plaintiffs, Keating, owned one of the automobiles but was not riding therein. There were four persons in his car. Two of them, Lautenschlager and Jones, were employees of Keating and were engaged in his service at the time of the collision. Otis went with them on the trip, from which they were returning, to show them the road, and his wife, the fourth member of the party, was a guest at the invitation of Keating. Otis was the driver from Philadelphia to Hazleton and on the return trip until the party reached Norristown. All of the cases were tried together, and were argued together on the appeal. They may be considered together therefore in this opinion.

The plaintiffs in the Keating car were driving eastwardly on Washington Avenue, and the defendant was going northwardly on Greene Street. The cars came together on intersecting paths at the crossing. (1) Negligence is charged against the defendant in that his car was driven recklessly and at an excessive rate of speed; (2) that it was not equipped with proper brakes and safety appliances; (3) that it was operated without consideration given to the presence of other traffic lawfully in the use of the highway at the time and place. After the evidence was introduced in behalf of the several plaintiffs the court granted a compulsory non-suit in each case, this action being based on the conclusion that there was no evidence of negligence of the defendant, and that the plaintiffs were guilty of contributory negligence. All of the evidence relating to speed was that of one of the plaintiffs, Lautenschlager, who said that the defendant's car approached "at a good rate of speed,"

There was no evidence with respect to the distance which the defendant's car moved after the collision. A description of the movement of a car as "pretty fast" or at "great speed" is not sufficiently definite to support a charge of unlawful speed: Moses v. Northwestern Pa. Ry. Co., 258 Pa. 537; Kirschbaum v. P. R. T., 73 Pa. Superior Ct. 536. No evidence was introduced on the subject of brakes used on defendant's car nor was there any evidence as to the way the defendant operated his car, except as may be inferred from the accident. The occurrence of the collision merely is not sufficient evidence to support a charge of negligence.

As the plaintiffs in the Keating car were moving eastwardly and the defendant was driving northwardly, the latter had the right of way at the place of intersection. If the cars arrived there at substantially the same time, it was important to the case of the plaintiffs to prove that the Keating car reached the crossing at a time sufficiently in advance of the defendant's to afford a reasonable opportunity to make the crossing without the risk of a collision. The occupants of that car were familiar with the locality and were under the duty to exercise proper care. The time of their arrival was about midnight, and due caution, taking that fact into consideration, should have been exercised. None of the persons in the Keating car saw the defendant's car until the latter was practically in contact with the other car. It is not suggested that the defendant's headlights were not burning, nor is there any intimation in the evidence that there was any obstruction which prevented the occupants of the eastbound car from seeing the defendant's car as it came along Greene Street.

Lautenschlager was driving at the time of the collision. He testified that "there were no cars standing anywhere at the vicinity of Washington Lane and Greene Street outside of mine." Otis testified, "we

looked up and down and didn't see anything," but does not indicate which person looked. Assuming that he was speaking of his own act, he does not explain why he did not see the defendant's car, which was evidently close to the intersection when Lautenschlager started across Greene Street. The latter saw the car just before the contact, and in answer to the question, "did you put on more gas when you saw this machine coming toward you?" he replied "I tried to shoot across, but before I had a chance I was hit." There was an entire failure to show that at the time the driver of the Keating car started to cross Greene Street he was so far in advance of the defendant's car as to afford reasonable time to clear the crossing and thus in all probability avoid a collision, and without such evidence the law forbids a recovery.

The duties of drivers of vehicles at street intersections is well set forth in Weber v. Greenbaum, 270 Pa. 382, and in numerous cases following. The record does not show that this duty was discharged. On the contrary the plaintiff's car was driven directly across or into the track of the northbound car in violation of the law relating to vehicles at street intersections.

As the men riding in the Keating car were in the service of the owner at the time, they are chargeable with the results of the negligence of the driver: Griffiths v. Lehigh Valley Transit Co., 292 Pa. 489; Kelley v. Northampton Agricultural Society, 286 Pa. 97.

As Mrs. Otis was sitting in the front seat with the driver, she had at least as favorable an opportunity as the latter to see the car approaching on Greene Street. She therefore had an opportunity to protest or object to attempting the crossing at that time. Her failure to do so, even if there had been negligence on the part of the defendant would deprive her of her right of action: Alperdt v. Paige, 292 Pa. 1. This examination of the evidence satisfies us that the ac-

tion of the court in refusing to take off the non-suit was proper.

The judgments are therefore affirmed in each of the appeal cases, to wit, numbers 114, 115, 116, 117, and 118, October T., 1928.

NOTE—This opinion was written by Judge Henderson and adopted by the court as its judgment before his death though filed thereafter.