Campagna, Appellant, *v.* Lyles.

Argued October 10, 1929.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER . and SCHAFFER, JJ.

*George Y. Meyer,* with him *Francis A. Wolf,* for appellant.—The evidence establishes. as a matter of law that the negligence of appellee's driver brought about,

354

or at least was the main factor in bringing about, the accident in this case, and the trial judge erred in leaving this question to the jury: Weber v. Greenebaum, 270 Pa. 382; Frank v. Pleet, 87 Pa. Superior Ct. 494; Close v. Electric Co., 90 Pa. Superior Ct. 260; Feldman v. Chernekoff, 291 Pa. 456; Alperdt v. Paige, 292 Pa. 1.

The charge of the court was erroneous in a matter even more prejudicial to appellant's case when it laid down to the jury, without clear qualification or subsequent correction, that appellant could not recover if the driver of the auto, in which he was riding as a guest, was negligent: Smith v. Transit & Light Co., 282 Pa. 511; Wolf v. Sweeney, 270 Pa. 97; Nutt v. R. R., 281 Pa. 372; Davis v. Ice Co., 285 Pa. 177; Kilpatrick v. P. R. T., 290 Pa. 288.

*W. Clyde Grubbs,* for appellee, cited: Kutz v. Baking Co., 87 Pa. Superior Ct. 297, 300, 301.

OPINION BY MR. JUSTICE SADLER, November 25, 1929:
Michael Campagna, an employee of one Ziskind, was injured in a collision at the intersection of Market and 11th Streets in the Borough of McKeesport. The latter, with plaintiff on the front seat beside him, was driving a Ford car south on the first named highway, and, according to his evidence, signalled about 25 feet before reaching the point of crossing. His testimony indicated that his speed was not more than ten to fifteen miles an hour, and, further, that defendant's machine was first seen by him when only 8 or 10 feet away, approaching at right angles from the cross street. It was claimed that Ziskind had the right of way, since the cars arrived simultaneously at the center, but this assertion was contradicted by defendant, whose car was moving on 11th Street at a rate of less than 10 miles per hour, as was sworn to, and is indicated by its almost instantaneous stopping when struck squarely on the side by the Ziskind car. The driver of the truck insisted he had ar-

rived first at the intersection while the Ford was still north on Market Street, and had nearly crossed when the collision occurred. Though the car in which plaintiff was riding had the right of way, if, as a matter of fact, the two cars arrived at the crossing at the same time, yet, in view of the disputed testimony, it could not be said, as a matter of law, that the truck driver was negligent in proceeding. If his story is to be believed there was an apparent opportunity to pass safely in front before Ziskind reached his moving truck. Though Ziskind had the right to first proceed, under the statute, as he was approaching from the right, nevertheless he was under the duty of having his car under control as he approached the intersection, and to exercise due care to prevent the collision.

"Drivers, no matter whether they have the technical right of way, must drive as would prudent men, and it would be folly, and negligence, for a driver to insist upon his technical right of way when a prudent man would realize it would only bring danger upon himself and to other people": Robinson v. Berger, 295 Pa. 95, 98. The statute does not give the driver of the car an absolute right to cross an intersecting street regardless of the fact that another car is approaching from the left. If he sees he cannot pass in advance of the second vehicle he is bound to use due care to prevent an accident: Alperdt v. Paige, 292 Pa. 1. When the facts and inferences may properly lead to the conclusion that the cause of the accident was the negligence of the one having the statutory right to proceed, the question is one for the jury to pass upon: Ensell v. Atlantic Refining Co., 92 Pa. Superior Ct. 586; Hood v. Urban, 93 Pa. Superior Ct. 4. The trial judge could not have declared as a matter of law, under the conflicting evidence here presented, that the negligence which caused the accident was that of defendant, not contributed to by Ziskind, but he properly submitted this question to the body legally authorized to determine the facts. No just complaint can be

made as to the charge of the court in reference to these questions involved, and the second and third assignments are not sustained.

Campagna was injured as a result of the collision and brought two suits. The first was against Ziskind, the driver of the car in which he was riding. In the statement filed in that action he expressly averred that Ziskind was advancing at a reckless and excessive speed, without warning, and not having his car under adequate control. Though these allegations are not controlling in this second suit against the defendant, driver of the truck, approaching from the cross street, yet the sworn statements then made were properly for the consideration of the jury, in contradicting his testimony in the present case as to the care exercised by the driver of the car in which he was riding, and in determining the weight to be given to his evidence which tended to exonerate him from any negligence. The action against Ziskind, first tried, resulted in a judgment for defendant on the ground that plaintiff was at the time his employee, and then engaged in the course of his employment, for he was, at that time, being driven by the one who had engaged his services to the place where his work was to be performed: Campagna v. Ziskind, 287 Pa. 403. He was engaged in a common enterprise when the collision occurred, and, in determining his right to recover, is not to be considered as an invited guest, with the resulting limited liability for negligent acts of the driver. Where such joint undertaking appears, the occupant of the car is equally barred from the right to recover damages from a third party as would be the employer, if contributory negligence of the latter appears. This distinction was called to the attention of the court in the present case when defendant presented a motion for a compulsory nonsuit. It was refused, since the question of the driver's contributory negligence was for the jury, and must have been found affirmatively before his

lack of due care could be imputed to Campagna. It was to establish this fact that further evidence was offered.

The authorities are clear in Pennsylvania that when one is an invited guest, he is ordinarily not chargeable with the negligent acts of the one controlling the machine, and a lack of care on the part of the latter is not to be imputed from the mere fact that he is an occupant of the car: Joseph v. P. & W. Va. Ry., 294 Pa. 315; Schlossstein v. Bernstein, 293 Pa. 245; Hilton v. Blose, 297 Pa. 458. In such case, to prevent judgment, it must appear that the guest was himself negligent in failing to do something possible to avoid the apparent injury threatened: Alperdt v. Paige, supra; Kilpatrick v. P. R. T., 290 Pa. 288; Hill v. P. R. T., 271 Pa. 232; Martin v. P. R. R. Co., 265 Pa. 282. Where, however, those riding in the car are engaged in a common purpose or enterprise, they are not to be considered merely guests, but are held equally responsible for the negligent conduct of the driver which produces the injury: Dunlap v. P. R. T., 248 Pa. 130; Hoffman v. P. & L. E. R. R., 278 Pa. 246; Griffiths v. Lehigh Valley Tr. Co., 292 Pa. 489; Kelly v. Agricultural Society, 286 Pa. 97; 42 C. J. 1179. This rule applies where the parties bear the relation shown to exist in the present case: Schofield v. Director General, 276 Pa. 508; Hepps v. B. & L. E. R. R., 284 Pa. 479; Otis v. Kolsky, 94 Pa. Superior Ct. 548. If, then, Ziskind was guilty of contributory negligence, so as to prevent recovery by him against defendant, and the jury has found that he was, then this lack of care is to be imputed to Campagna, his employee, and likewise no verdict in his favor can be sustained.

The first assignment of error complains of an excerpt from the charge of the court, in which the statement is made that the occupant of a car cannot recover where the driver's negligence contributed to the injury. In view of the fact that it is undisputed that plaintiff was not a guest, but an employee engaged in a common enterprise, the phrase is not the subject of just complaint.

It is to be noticed, however, that the sentence quoted was followed by another in which the trial judge stated that he would later in his instructions define the duties of a guest. Such additional charge was not required, in view of the admitted relation of the parties, but the judge did subsequently state the law as to the responsibility of an occupant of a car for the lack of care of the driver, declaring that Campagna, on the theory that he was a guest, could not be charged with the negligence of Ziskind, unless he saw the imminent danger, had opportunity to successfully interfere for his own protection, and failed to do so. The jury found under these instructions for the defendant. We see no error in the charge of which plaintiff has reason to complain, though the contrary might be said if a judgment in his favor had been entered and defendant was here as appellant. It may also be noted that no advantage was taken of the opportunity given to ask for further elaboration of the instructions defining the liability of the respective parties, if deemed insufficient, and appellant cannot now complain of a failure of the trial judge to more fully explain: Gallup v. Pittsburgh Rys. Co., 295 Pa. 203.

The judgment is affirmed.