Rodgers et ux. *v.* Saxton, Appellant.

Argued October 29, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*William S. Hoerner,* and with him *T. Z. Minehart* and *Paul M. Crider,* for appellants.

*J. Glenn Benedict,* and with him *Edmund C. Wingerd,* for appellee.

Opinion by Baldrige, J., January 30, 1931:

Catherine G. Rodgers was riding in a Dodge sedan automobile which was being driven by her husband, Louis M. Rodgers. When her car reached a point on the Lincoln Highway, about nine miles west of Chambersburg where a road leads to the south toward Mer-

cersburg, it collided with a car driven by the defendant. In this action to recover damages, the jury found that Louis M. Rodgers was guilty of contributory negligence, and rendered a verdict for Catherine G. Rodgers, upon which judgment was entered in the sum of $1,527.09. It was from that judgment this appeal was taken.

The pivotal point for determination is, whether the contributory negligence of the husband was imputable to the wife.

Negligence of the driver of a car ordinarily will not be imputed to a passenger: Wolf v. Sweeney, 270 Pa. 97. In the recent case of Campagna v. Lyles, 298 Pa. 352, Mr. Justice SADLER, speaking for the court, says, ".....when one is an invited guest, he is ordinarily not chargeable with the negligent acts of the one controlling the machine, and a lack of care on the part of the latter is not to be imputed from the mere fact that he is an occupant of the car."

In most states, including our own, there are two exceptions to this rule: (1) if a passenger controls, or has the right to control, the driver in his operation of the vehicle; (2) if the passenger and driver are engaged in the prosecution of a joint enterprise or adventure at the time of the accident.

The first exception is based on the theory that the driver of a vehicle is regarded as the agent, for whose negligence, within the scope of his authority, the passenger is responsible; and as to the second exception, that a joint enterprise is where a passenger and driver are using a car for the accomplishment of a common object, irrespective of the element of control, or the right of control of the driver. The criterion of the joint enterprise principle is found in the joint use of a vehicle as a means of accomplishing a common purpose: See Vol. 78, University Penna. Law Review, page 747.

The learned court below held that the uncontradicted evidence did not support the contention of joint control of the car by the husband and wife. With that view we do not concur. We accede to the proposition advanced that the marital relation alone does not imply agency or joint control, but there was further proof than mere marital relation of the existence of agency between the husband and wife;.she was the owner and an occupant of the car. The party consisted of the husband and wife, their two children, and the mother of Mrs. Rodgers. They had left their home in Pittsburgh at 8:30 in the morning with a large amount of baggage and had provided themselves with a lunch. They proceeded east on the Lincoln Highway until they got to the point of the accident, which occurred about 3:30 in the afternoon. Under the testimony of the husband, they expected to drive until about 6:00 or 7:00 o'clock and then stop at Gettysburg. The owner of a car certainly had some voice in the control of her own machine in which she was riding, when on a trip in which she was jointly interested with her husband in the common purpose of reaching their destination. Under such circumstances, the law does not imply a surrender by the wife of all her rights to her husband, nor is she relieved of her legal duties.

In the case of Alperdt et ux. v. Paige, 292 Pa. 1 (6), the husband and wife were injured while riding in an automobile. The wife was considered the guest of her husband but as she failed to exercise reasonable precaution, they were both determined to be guilty of contributory negligence. In the course of that opinion, Mr. Justice SADLER said, "There appears to be little dissent from the proposition that the negligence of the husband is not to be imputed to the wife, unless he is her agent in the matter in hand, or they are jointly engaged in the prosecution of a common enterprise: 20 R. C. L. 151. This general rule has been applied

where they were joint occupants of an automobile involved in an accident, as has been decided in practically all of the states where the question has been considered (see note 48 A. L. R. 1077, 1080), including our own: Azinger v. P. R. R. Co., 262 Pa. 242. To charge with contributory negligence on the ground that the party injured was engaged in a joint undertaking, something more must be shown than that the parties were riding together. It must further appear that the passenger had some voice in the control of the vehicle, so as to make it subject to common command, as well as possession: Hoffman v. P. & L. E. R. R. Co., 278 Pa. 246; McLaughlin v. P. R. R. Co., 252 Pa. 32. In itself the mere acceptance of an invitation to ride for pleasure does not ordinarily constitute a joint enterprise, because there is no equal right in governing the conduct of the undertaking: Barry v. Harding, 244 Mass. 588, 139 N. E. 298. If, however, both are engaged in a common purpose, and each has the power of direction, the negligence of the driver will prevent recovery by the one accompanying him: Dunlap v. P. R. T. Co., 248 Pa. 130; Martin v. P. R. T. Co., 265 Pa. 282.'' It will be noted in that case that the husband, not the wife as here, was the owner of the car.

The facts in the case of Prendergast v. Allen, 117 Atl. 539, are similar to the case at bar. There, the automobile was owned by the wife and her husband was driving. It was determined that the husband was guilty of negligence in an action which she brought against Allen, the driver of the other car. The court said, ''Plaintiffs' counsel has referred us to a number of cases in which it has been held that a wife, riding in an automobile driven by her husband, is not chargeable with the husband's negligence in operating said automobile when the wife does not exercise or attempt to exercise any control over such operation. If in this case the negligence of Mr. Prendergast is imputed to

his wife, such determination would not be because of the marital relation, but because she was the owner of the automobile; that it was being operated by the husband for the wife in furtherance of a purpose in which she was an interested party, and because from those circumstances the relation of principal and agent would arise between Mrs. Prendergast and her husband...... In accordance with the rule of agency applicable with reference to a socalled 'family automobile,' the owner is undoubtedly chargeable with the negligence of another member of the family who is driving, if the owner is a passenger, and it is being used for a purpose in the accomplishment of which the owner is interested. In such circumstances the relation of principal and agent arises between the owner and the member of the family driving the machine.''

In all the cases relied upon by the appellee in support of her position that the evidence was insufficient to show agency, the proof failed to show ownership of the car by the wife or the evidence established that the car was being used in connection with the husband's business. We are of the opinion that under the undisputed evidence in this case, the relation of principal and agent existed between the husband and wife and that she was chargeable with his negligence.

Furthermore, we have concluded that the facts in this case bring it within the second exception also.

In the case of Koplitz v. St. Paul, 86 Minn. 373, 90 N. W. 794, the Chief Justice, in discussing the doctrine of joint enterprise, said, ''If......two or more persons unite in the joint prosecution of a common purpose, under such circumstances that each has authority, express or implied, to act for all in respect to the control of the means or agencies employed to execute such common purpose, the negligence of one in the management thereof will be imputed to all the others.''

This doctrine has been recognized in Campagna v. Lyles, supra, where the supreme court said, "He was engaged in a common enterprise when the collision occurred, and, in determining his right to recover, is not to be considered as an invited guest, with the resulting limited liability for negligent acts of the driver. Where such joint undertaking appears, the occupant of the car is equally barred from the right to recover damages from a third party as would be the employer, if contributory negligence of the latter appears...... Where, however, those riding in the car are engaged in a common purpose of enterprise, they are not to be considered merely guests, but are held equally responsible for the negligent conduct of the driver which produces the injury."

The learned court below was of the opinion that there was no evidence of a joint enterprise as the husband testified: "Q. You had started away on a vacation anyway? Is that right? A. Yes sir." On cross-examination, he was asked, "Q. What was your destination on this trip? A. Atlantic City." The ultimate destination was not of essential importance. At the time of the accident, which controls, the husband and wife were jointly engaged in a common purpose—they were mutually interested in going to Gettysburg; that constituted a joint enterprise.

In view of the foregoing determination of the questions we have discussed, it is unnecessary to consider the question of the alleged personal want of care upon the part of Mrs. Rodgers. A review of all this testimony and a careful consideration of the arguments of able counsel bring us to the conclusion that the wife was chargeable with the husband's negligence.

Judgment is reversed and is hereby entered for the defendant.