## Stern et al. v. Philadelphia Rapid Transit Company et al.

*Joseph L. Fox,* for plaintiffs.

*Charles J. Green* and *Thomas B. K. Ringe,* for defendants.

BARNETT, P. J., 41st judicial district, specially presiding, August 30, 1932.— The minor plaintiff was an employe of Miller Brothers, engaged with several other boys in selling eggs from house to house from a truck owned by Miller Brothers and driven by their employe Charles Roll. The truck, proceeding northwardly on Bancroft Street, fourteen feet in width from curb to curb, was crossing Morris Street when it was struck on the left side near the rear end by a Philadelphia Rapid Transit Company trolley car moving eastwardly. Morris Street is twenty-six feet wide between curbs and carries a single trolley track of the Philadelphia Rapid Transit Company. The plaintiff, seated on an egg crate on the rear of the truck facing south, was thrown to the street and injured.

A suit was brought by his mother and himself jointly against the two defendants. The trial resulted in a verdict for $500 in favor of each of the plaintiffs, against both defendants. Each defendant subsequently moved for judgment n. o. v. The motions were sustained and judgments entered accordingly.

The judgment in favor of Miller Brothers, defendants, was entered because it clearly appeared in the plaintiffs' case that the minor plaintiff was, at the time of the accident, a regular employe of these defendants, engaged in the service for which he was hired. The relation of employer and employe being established and there being no evidence to repel the presumption that The Workmen's Compensation Act controls, the exclusive remedy of the plaintiffs against Miller Brothers was, therefore, that provided by the compensation act: Campagna v. Ziskind, 287 Pa. 403; Persing v. Citizens Traction Co., 294 Pa. 230; Swartz v. Conradis, 298 Pa. 343.

The verdict of the jury convicts the motorman of the trolley car and the driver of the truck alike of negligence. The evidence for the plaintiffs establishes beyond question that the driver of the truck and the minor plaintiff at the time of the collision were engaged in a joint enterprise, the selling of eggs from the truck, in the service of Miller Brothers, their common employer. The negligence of the truck driver must, therefore, be imputed to the minor plaintiff, and neither he nor his parent can recover from the Philadelphia Rapid Transit Company for injuries of which that negligence was a contributing cause. In recent cases it is made clear that this rule will not bar recovery by the injured person against the negligent participant in the joint enterprise (see Johnson v. Hetrick, Admin'x, 300 Pa. 225; Curry v. Riggles, 302 Pa. 156; Christian v. Gwynne, 103 Pa. Superior Ct. 539), but the rule has not been relaxed where a third party is defendant. In Johnson v. Hetrick, supra, the reasons for distinction between the two classes of cases are clearly set forth, but the same case (page 233) repeats that: "Where the action is brought against a third party, the rule is that the negligence of one member of the joint enterprise within the scope of that enterprise will be imputed to the other. . . . When the action is against a third person each member of the joint enterprise is a representative of the other, and the acts of one are the acts of all, if they be within the scope of the enterprise." See Hoffman v. Pittsburg & Lake Erie R. R., 278 Pa. 246; Hepps v. Bessemer & Lake Erie R. R. Co., 284 Pa. 479; Griffiths v. Lehigh Valley Transit Co., 292 Pa. 489; Campagna v. Lyles, 298 Pa. 352; Carlson v. Erie R. R. Co., 305 Pa. 431.