# Wagner *v.* Lehigh Traction Company, Appellant.

*Negligence—Street railways—Head on collision with wagon—Bridge—Evidence.*

In an action against a street railway company to recover damages for personal injuries sustained by a collision between a wagon in which plaintiff was riding and an electric car, it appeared that the accident occurred on a dark night on a bridge which was a part of the public highway. The car was well lighted and had a headlight which could be seen 880 feet from the place of the accident. The car was running six miles an hour. The wagon had caught in a crevice, and the motorman did not see it until within twelve feet of it. He immediately put on the brakes and stopped the car within six feet from the place where the wagon was struck. There was evidence that some of the persons on the wagon got off, started back and waved or halloed to the motorman to stop the car. The motorman testified that he was looking ahead with his hand on the brake and there was no evidence to contradict him. *Held,* that the evidence was insufficient in law to convict the defendant of negligence in the operation of the car.

*Negligence—Street railways—Bridge—Township—Defect in bridge.*

In an action against a street railway company to recover damages for personal injuries sustained in a collision between a wagon and an electric car on a bridge, where the evidence shows that the accident was due to a defect in the bridge, the burden is on the plaintiff affirmatively to show that the defendant, and not the township authorities, was responsible for keeping the bridge in repair.

*Negligence—Evidence—Conjecture of jury.*

A jury cannot be left to guess at or conjecture about what constitutes negligence. There must be evidence of the negligence complained of or there are no facts to be submitted to the jury.

Argued April 11, 1905. Appeal, No. 216, Jan. T., 1904, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1903,

No. 211, on verdict for plaintiff in case of Elmer E. Wagner and Nellie Wagner v. Lehigh Traction Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Trespass to recover damages for personal injuries. Before LYNCH, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff Elmer E. Wagner for $2,000 and for Nellie Wagner $4,000. Defendant appealed.

*Errors assigned* were various instructions, particularly in refusing binding instructions for defendant.

*Paul Bedford* and *John T. Lenahan,* for appellant.—For the condition of the bridge to which the accident was due the township and not the defendant was responsible : McLaughlin v. Corry, 77 Pa. 109.

Defendant's car was not negligently run : Dunklee v. City Pass. Ry. Co., 209 Pa. 125.

*James L. Lenahan,* with him *James P. Costello,* for appellees. —Where a person, without fault on his part, is placed in a position of danger or embarrassment through the negligence of another, he will not be held guilty of contributory negligence for failure to use all possible means for his safety; if he act in good faith, and his conduct, under all the circumstances, is that of a man of ordinary prudence, he is not chargeable with negligence, and whether he did so act is a question for the jury : Johnson v. West Chester, etc., R. R. Co., 70 Pa. 357 ; Penna. R. R. Co. v. Warner, 89 Pa. 59 ; Vallo v. Express Co., 147 Pa. 404; Baker v. North East Borough, 151 Pa. 234; Malone v. Pittsburg, etc., R. R. Co., 152 Pa. 390; Sprowls v. Morris Township, 179 Pa. 219 ; Foote v. American Product Co., 195 Pa. 190 ; Stover v. Penna. R. R. Co., 195 Pa. 616.

OPINION BY MR. JUSTICE ELKIN, May 15, 1905 :

The plaintiffs in their statement of claim charged the defendant company with negligence in two respects ; first, in run-

ning the electric car, which collided with the wagon and caused
the accident, in a negligent, careless and reckless manner; sec-
ond, in negligently, carelessly and defectively maintaining its
tracks on, over and across the bridge where the accident oc-
curred, so that there was a space between the traveled roadway
of the bridge and one of the rails of the track sufficiently wide
to permit the wheel of the wagon on which appellees were rid-
ing to drop or slip in and become wedged there.   After a care-
ful consideration of all the testimony offered in the case, we
are of opinion that appellees failed to establish the averment
that the electric car complained of was operated in a negligent,
careless or reckless manner.   It was a dark night.   The acci-
dent occurred on a bridge, part of the public highway, over
which the tracks of the defendant company were laid and oper-
ated.   It had a right to use its tracks on the highway and over
this bridge.   The plaintiff also had a right on the bridge, being
part of the highway.   Neither had a greater right than the
other.   The car was running at a moderate rate of speed.   It
was well lighted with electricity.   It had a headlight which
could be seen several hundred feet away.   The appellees did
see the headlight and approaching car at a distance of 880
feet from the place of accident.   The motorman did not
see the wagon until within twelve feet of the same, and im-
mediately put on the brakes and proceeded to slow down.
He stopped the car within six feet of the place where the
wagon was struck; thus conclusively showing that the car
was running at a moderate rate of speed, the undisputed testi-
mony being that it was running at the rate of six miles an hour.
There is evidence that one of the appellees and some other wit-
nesses who were in the wagon, apprehending the danger, started
back and waved or hallooed to the motorman to stop the car,
and it is contended that if the motorman had been attending to
his duty he would have seen the waving and heard the calls,
and could have stopped the car in time to prevent the colli-
sion.   All of this, however, is conjecture.   There is no evidence
that the motorman was not attending to his duties.   He says
he was standing in his proper place, with his hand on the brake,
looking out so as to be able to control the car.   The learned
counsel for appellees argues that the fact of his looking out
does not necessarily mean that he was looking ahead, as re-

quired to do, and that therefore he failed in the performance of his duty. The facts do not warrant this conclusion. The uncontradicted testimony is that he was standing at his accustomed place, looking out, with his hand on the brake, ready to perform his duty, and the reasonable presumption is that he was looking out ahead of the car so as to avoid danger. There is no evidence that he heard the calls or saw the waving by the witnesses who say they attempted to have him stop the car. It being dark, he could not see clearly obstacles in front of him.

He did not see the wagon until within twelve feet of it, and then immediately applied the brakes and reversed the motor. This is all that could be done at that time to avoid the accident, and nothing more was required of him.

Under these circumstances the court erred in submitting the question to the jury to determine whether there had been negligence on the part of the motorman in running the car. The jury cannot be left to guess at or conjecture about what constitutes negligence. There must be evidence of the negligence complained of or there are no facts to be submitted to the jury. The fourth and fifth points of the appellant should have been affirmed.

On the question of whether the company was negligent in maintaining its tracks over the bridge, there is much doubt. It is not clear whose duty it was to keep the bridge in repair. While the case was tried on the theory that the hole or opening in the bridge was the proximate cause of the accident, its exact location was not definitely fixed. The evidence on this question is of a negative and uncertain character. There was no testimony to show what rights and privileges the appellant secured from the township authorities at the time the railway was constructed, and it does not appear whose duty it was to keep the bridge in repair. Primarily, it is the duty of township authorities to maintain a bridge, being part of a public highway, in a safe condition for the use of the traveling public. Whether there is anything in this case which relieves the township from this primary duty, does not appear. The appellees in order to sustain this action must show that it was the duty of the appellant to maintain the bridge at the point where the accident occurred, in a safe condition. If on a trial of the case it appears that no such duty rested on the defendant com-

pany but that the primary duty of the township to maintain the bridge at the point of accident still continues, the appellant will be relieved from liability. On this controlling question the evidence is unsatisfactory, and the charge of the court inadequate. The judgment will therefore be reversed in order that this question may be properly presented to the court and jury.

Judgment reversed and a venire facias de novo awarded.