## Vaclav Vanek, Appellant, v. Chicago City Railway Company, Appellee.

### Gen. No. 23,822.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed March 25, 1918.

### Statement of the Case.

Action by Vaclav Vanek, plaintiff, against Chicago City Railway Company, defendant, to recover for personal injuries due to a collision of one of defendant's street cars with an automobile in which plaintiff was riding as a passenger. From a judgment of *nil capiat* and for costs in favor of defendant, plaintiff appeals.

BARNHARDT & STAFFORD, for appellant.

WEYMOUTH KIRKLAND and WILLIAM H. SYMMES, for appellee; J. R. GUILLIAMS and FRANK L. KRIETE, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 104*—*when negligence of driver of automobile colliding with street car not imputed to passenger.* The negligence of the driver of an automobile, with which a street car collides, cannot be attributed to a passenger in the automobile.

2. STREET RAILROADS, § 91*—*when passenger in automobile colliding with street car fails to exercise due care.* A passenger in an automobile, with which a street car collides, cannot sit inactive when danger is imminent and be regarded as having exercised due care for his own safety.

3. STREET RAILROADS, § 131*—*when lack of due care to prevent*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*collision of street car and automobile by passenger of automobile shown.* Evidence *held* sufficient to sustain a finding that plaintiff, a passenger in an automobile, with which one of defendant's street cars collided, did not exercise any care or do anything when the danger was imminent and obvious to him to prevent the accident.

4. STREET RAILROADS, § 131*—*when collision between automobile and street car shown to be due to recklessness of driver of automobile.* Evidence *held* sufficient to sustain a finding that the collision of defendant's street car with the automobile in which plaintiff was riding as a passenger was not due to the negligence of defendant and that the collision resulted from the reckless conduct of the driver of the automobile in attempting to cross the street car tracks in front of the approaching street car, which the motorman, by the suddenness of the driver's action, was unable to stop in time to prevent a collision.

5. STREET RAILROADS, § 140*—*when instruction on liability of street railroad for negligent injuries to passenger in automobile due to collision is proper.* In an action by a passenger in an automobile against a street railroad to recover for personal injuries due to the collision of one of defendant's street cars with the automobile, an instruction, that even though the jury believed from the evidence that the driver of the automobile in which plaintiff was riding was guilty of negligence, that fact alone would not relieve defendant from liability if the jury believed from a preponderance of the evidence that defendant was negligent and plaintiff was free from negligence, was proper.

6. INSTRUCTIONS, § 151*—*when properly refused.* An instruction adequately covered by given instructions is properly refused.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.