# Algard *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Street railways—Collision between trolley car and wagon—Obstruction of street—Driving on tracks—Duty of motorman — Contributory negligence — Absence of light — Proximate cause—Anticipating care.*

1. While, ordinarily, a motorman is under no duty to anticipate an approaching vehicle or car westward on an eastbound track, yet where he knows that the street is obstructed and closed on the side usually devoted to westbound traffic, he is bound to anticipate and watch out for vehicles approaching on the eastbound track.

2. If the extent of a motorman's vision through the window in front of him, is diminished or interfered with by drizzling rain falling on the glass at the time, it is his duty to remove the hindrance to his view of the track, before proceeding.

3. In an action against a street railway company to recover damages for personal injuries to a driver of a wagon injured in a collision with an electric car, the plaintiff cannot be convicted of contributory negligence as a matter of law, if there is nothing to show conclusively that the absence of a light was a contributing cause to the collision, or that the presence of a light, had the plaintiff carried one, might have aided the motorman to see the wagon.

4. In such a case, where it appears that the defendant operated a double track railway on the street where the collision occurred, that the street was obstructed on the side usually devoted to westbound traffic, necessitating the use of the eastbound track for both eastbound and westbound traffic, and that plaintiff was obliged to turn from the westbound track into the eastbound track to avoid the obstruction, it was the plaintiff's duty again to resume his proper position on the westbound portion of the roadway after having passed the obstructions; but he could not be held negligent, as a matter of law, merely because, with obstructions continuing on the north, he followed the course of westbound car traffic and used the eastbound track until he could reach a safe place to turn off into the roadway south of the track, although this imposed on him the necessity of exercising a higher degree of caution than is required under ordinary circumstances. He had also the right to assume that the motorman of any approaching car would use such additional caution as the existing conditions demanded.

Argued January 8, 1920. Appeal, No. 42, Jan. T., 1920, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Sept. T., 1911, No. 4248, on verdict for plaintiff in case of Erwin C. Algard v. Phila. Rapid Transit Company. Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for personal injuries. Before SHOEMAKER, J.

Verdict and judgment for defendant for $5,374. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*Sydney Young,* for appellant, cited: Jackson v. United Traction Co., 18 Pa. Superior Ct. 211.

*John J. McDevitt, Jr.,* for appellee, cited: Sturgeon v. Beaver Valley Traction Co., 216 Pa. 322; Rively v. Media, etc., Elec. Ry. Co., 228 Pa. 9; Smith v. Standard Steel Car Co., 262 Pa. 550.

OPINION BY MR. JUSTICE FRAZER, February 23, 1920:

Plaintiff sued to recover for personal injuries sustained in a collision between one of defendant's cars and a wagon upon which he was seated and driving. A verdict was rendered for plaintiff and, following a refusal by the court below to sustain a motion for judgment non obstante veredicto and entry of judgment for plaintiff, defendant appealed.

On October 12, 1917, about 6:40 p. m., plaintiff was driving westward on Erie avenue in the City of Philadelphia, on which street defendant operates its cars on a double line of tracks located in the center of the roadway. At a point between Fourth and Fifth streets, by reason of repairs being made to a bridge, a part of the street above the tracks of a steam railroad, the right

hand track and driveway of the street west of the bridge were obstructed to such extent as to limit traffic to the eastbound tracks and the eastbound portion of the driveway. After passing over the bridge, driving westerly, plaintiff continued on the eastbound track, a distance of 175 feet, to a point opposite the east side of Lawrence street. According to his testimony, at this point he saw defendant's car approaching from the opposite or eastbound direction, at a distance of about 50 yards, and, owing to the obstructions on the north side of the street, turned his horses and wagon to the left or south roadway, and had almost cleared the track when the rear end of his wagon was struck by the approaching car, throwing him to the ground and causing the injury for which compensation is asked. During the progress of repairs to the bridge defendant company had been using the eastbound track for its cars both eastbound and westbound, with a crossover opposite Lawrence street; other vehicle traffic both ways used the eastbound track and the driveway between that track and the south sidewalk. A watchman was not stationed at the crossover, defendant relying upon the motormen on the cars approaching from opposite directions to see each other before reaching the crossover at either end and in this manner regulate their use of the single track during the continuance of the bridge repairs. The motorman testified he did not see plaintiff's wagon until about a car's length from it and that every effort was made to avoid a collision. He also stated that at the speed he was traveling his car could be stopped within a distance of from five to ten feet. The excuse offered by the motorman for not having seen plaintiff's wagon in time to avoid the accident was that the street was dark, the window in front of him wet from rain and plaintiff's wagon was without light. It appears, however, the small street lamps were lighted, though the motorman testified the electric light at that point was not burning. Whether the electric current had not been turned on or

the lamp was out of order does not appear, nor is it material except as bearing on the question of the motorman's credibility in testifying darkness prevented him from seeing the approaching wagon. This testimony, offered for the purpose of exonerating the motorman from blame, was not sufficient, under the circumstances, to permit the court to say, as a matter of law, that he fully performed the duty imposed upon him by existing conditions. While ordinarily a motorman is under no duty to anticipate an approaching vehicle or car westward on an eastbound track, yet at this particular point such duty did devolve upon him, owing to the street being obstructed and closed on the side usually devoted to westbound traffic. If the extent of the motorman's vision through the window in front of him was diminished or interfered with by drizzling rain falling on the glass at the time, as he testified, it was his duty before proceeding, to remove the hindrance to his view of the track. Had he done so he could not have failed to see plaintiff's wagon on the track directly in front of his car. It does not appear that the absence of a light on the wagon was a contributing cause to the collision, or, to state it conversely, that the presence of a light, had plaintiff carried one, might have aided the motorman to see the wagon. Whether the latter did all required of him, under the circumstances, was properly submitted to the jury.

The entire roadway on the north side of the street, together with the westbound track between the bridge and the point where the collision occurred, was obstructed by switches and bridge building materials. Plaintiff testified that, owing to the obstructions and dangerous condition of the street at the north side, he turned his team to the left or south roadway, and, as the distance he was obliged to travel was the same regardless of the direction in which he attempted to go, the turning of his team to the left was not the cause of the accident. He delayed leaving the track, according to his testimony,

before reaching the point of the accident, to avoid the danger of collision with other vehicles traveling in the opposite direction on the roadway and for this reason continued in the car track until he saw the approaching car approximately fifty yards away. The mere fact that plaintiff's wagon was without light does not convict him of contributory negligence for the reason, as stated above, it does not appear that absence of a light was the proximate cause of the collision. Plaintiff's proper place in driving was on the north roadway or westbound portion of the street. He was obliged to turn from that part of the street at the bridge to avoid obstructions; it was, however, his duty to again resume his proper position on the westbound portion of the roadway after having passed the bridge building obstructions. He cannot be held negligent, as a matter of law, merely because, after passing over the bridge, he followed the course of westbound car traffic and used the eastbound track, although this imposed on him the necessity of exercising a higher degree of caution than is required under ordinary conditions. He had also the right to assume the motorman of any approaching car would use such additional caution as the circumstances and existing conditions demanded. Whether plaintiff fully performed his duty and made proper efforts to avoid colliding with the car he saw approaching was properly submitted to the jury.

The judgment is affirmed.