# Kirschbaum *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Collision with trolley car—Automobile—Negligence of driver—Contributory negligence of passenger.*

Although a driver's negligence should not be imputed to the passenger, the latter is not relieved from all responsibility. It is incumbent upon him to exercise reasonable care, and not to sit quietly and see danger that is plainly imminent, and not take means of escaping it. A passenger is chargeable with the driver's negligence in so far as he concurs therein, and a failure to take reasonable precautions, or to warn the driver of threatened danger renders him chargeable, as a matter of law, with contributory negligence.

A passenger riding in his employer's wagon, driven by a co-employee, who consented without protest to the driver's proceeding to cross a trolley track, when both he and the plaintiff saw an east-bound street car approaching at a distance of 75 feet, is guilty of contributory negligence.

Although a passenger is not required to exercise the same high degree of care and constant watchfulness as the driver of the vehicle, he must exercise a reasonable degree of caution and, when occasion requires, warn the driver of threatened danger and he may, as matter of law, be chargeable with contributory negligence even if he has done nothing.

Argued October 18, 1919. Appeal, No. 150, Oct. T., 1919, by defendant, from the judgment of Municipal Court of Philadelphia, July Term, 1918, No. 175, in the case of Joseph Kirschbaum v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $250 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Harold B. Beitler,* for appellant.—The defendant was guilty of contributory negligence: Dunlap v. P. R. T. Co., 248 Pa. 130; Hardie v. Barrett, 257 Pa. 42; Laudenberger v. Transit Co., 261 Pa. 288; Kleiman v. P. R. R. Co., 66 Pa. Superior Ct. 295; Bernstein v. P. R. R. Co., 252 Pa. 581.

*W. H. Caldwell,* and with him *J. Gowen Roper,* for appellee.

OPINION BY TREXLER, J., February 28, 1920:

The plaintiff was injured while riding with a coemployee in their employer's wagon, driven by the coemployee, on their way to attend to the employer's business. They had proceeded westwardly along the north track on Snyder avenue, and at Passyunk avenue they proceeded to turn southwardly on said avenue across the south track on Snyder avenue. As they were about to turn out of the westbound track, both the driver and the plaintiff saw an eastbound street car approaching at a distance of 75 feet. The plaintiff did not say or do anything to prevent his fellow-employee from driving in front of the approaching car. The horses were walking. The testimony of the plaintiff is to the effect that the car was approaching fast. The learned trial judge assumed that the driver of the team was negligent in proceeding to cross the track in front of the advancing car, and in this he was clearly right. He left it to the jury to decide whether the plaintiff was guilty of contributory negligence. This we think was error. Although the driver's

negligence should not be imputed to the plaintiff, the latter was not relieved from all responsibility. It was incumbent upon him to exercise reasonable care, and not sit quietly by and see danger that was plainly imminent, and not take means of escaping it. This was the rule laid down in Dunlap v. Phila. R. T. Co., 248 Pa. 130, and has been followed down to the very late case of Martin v. Penna. R. R. Co., 265 Pa. 282. The plaintiff considered the driver a careful driver, and therefore, joined him in testing the danger, and in doing this he is responsible for his own act. The danger was patent to them both, with the car 75 feet away they attempted to cross, and the event proved their judgment was bad for the car struck the rear of the wagon. In Martin v. Penna. R. R. Co., supra, the decisions are reviewed and the rule is stated to be that the passenger is not required to exercise the same high degree of care and constant watchfulness as the driver of the vehicle, but "he must exercise a reasonable degree of watchfulness and when occasion requires warn the driver of threatened danger, and he may, as matter of law, be chargeable with contributory negligence even where he has done nothing." It is true that the opinion in Hermann v. R. I. Co., 36 R. I. 447, quoted with approval in Vocca v. Penna. R. R. Co., 259 Pa. 42, states, "While it is the duty of such guest or passenger not to submit himself and his safety solely to the prudence of the driver of the vehicle, and that he must himself use reasonable care for his own safety, nevertheless he should not in any case be held guilty of contributory negligence merely because he has done nothing," but that evidently refers to times of sudden peril, where interference or advice may do more harm than good, and such situations are exceptions to the rule as indicated in Martin v. Penna. R. R. Co., supra (p. 287). There were no circumstances in the present case, that relieved the plaintiff from the charge of contributory negligence in proceeding without protest or warning to a situation of peril, which could have been easily avoided, as the horses at-

tached to the vehicle were driven across the track at a walk. We think the present case clearly falls within the line of cases above referred to, and that plaintiff was guilty of contributory negligence.

Furthermore, we do not think that there was evidence of negligence of the defendant to warrant a submission of the question to the jury. There was no evidence of excessive speed; the testimony in this regard was that the plaintiff said the car was going at the usual rate of speed, but afterwards he changed it to saying it was more than ordinary, "it was great speed." The driver testified that the speed was the regular speed. There was no attempt to produce any competent evidence, showing what the speed was. This is not evidence of negligence: Moses v. Northwestern Pa. Ry. Co., 258 Pa. 537. The jury cannot be left to guess at or conjecture about what constitutes negligence. There was no evidence of an absence of warning, and both persons in the wagon saw the car coming. There was proof that after the accident, the trolley car stopped within a few feet: Wagner v. Lehigh Traction Co., 212 Pa. 132. After a careful reading of this testimony, we can find nothing upon which the jury could find that the defendant was guilty of negligence.

The judgment is reversed, and is now entered in favor of the defendant.