# Wilhelm *v.* Sunbury & Selinsgrove Ry. Co., Appellant.

*Negligence — Street railways — Congested traffic — Blinded by auto lights—Head-on collision on bridge—Duty of motorman— Case for jury—Evidence—Interested witness.*

1. In an action against a street railway company for personal injuries alleged to have been caused by the negligence of a motorman, it is not error to bring to the attention of the jury the fact that, although the motorman had no pecuniary interest, he had, nevertheless, that interest in his own lack of blameworthiness which might lead him to minimize his fault.

2. Where a driver of a wagon is injured by a head-on collision with a trolley car at night on a bridge, the question of the motorman's negligence is for the jury, where it appears that the traffic on the bridge was congested by automobiles on both sides of the track, so that it was impossible for the driver to turn off, and that the motorman did not reverse his car, until it was too late to avoid the contact.  Wagner v. Lehigh Traction Co., 212 Pa. 132, distinguished.

3. In such case, the motorman was required to be more than ordinarily alert to detect what was ahead of him; if blinded by lights of approaching autos it was his duty to stop, as so advancing was like going on with his eyes shut.

Argued May 13, 1924. Appeal, No. 324, Jan. T., 1924, by defendant, from judgment of C. P. Northumberland Co., Feb. T., 1923, No. 272, on verdict for plaintiff, in case of Charles Wilhelm v. Sunbury & Selinsgrove Railway Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before LLOYD, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Error assigned* was, inter alia, refusal of binding instructions for defendant, and the portion of the charge given in the opinion of the Supreme Court, quoting the record.

*J. Fred. Schaffer,* with him *Samuel Gubin,* for appellant, cited: Phila. Traction Co. v. Bernheimer, 125 Pa. 619; Wagner v. Traction Co., 212 Pa. 132.

*J. P. Carpenter,* with him *F. A. Witmer,* for appellee, cited: Algard v. Transit Co., 266 Pa. 390; Hope v. Traction Co., 270 Pa. 115; Ellis v. R. R., 138 Pa. 506.

OPINION BY MR. JUSTICE SCHAFFER, July 8, 1924:

Defendant appeals from a judgment on a verdict fixing plaintiff's damages for injuries resulting from a collision between a wagon loaded with hay, on top of which he was riding, and defendant's trolley car, while the two vehicles were traversing in opposite directions the bridge crossing the Susquehanna River between Sunbury and Shamokin Dam on the night of May 30, 1923.

Defendant maintains a single track on the bridge, occupying its extreme southern side.   North of the track there is a space for vehicular traffic, not sufficiently wide to permit two vehicles to pass without impinging on the car track.   At the time of the accident, it being a holiday, this space was crowded with automobiles, and plaintiff's team, on which he had a light, was proceeding on the car track.   Owing to the stream of automobile traffic, he found it impossible to turn off the track, and, observing the approaching car, the headlight of which he could see for several hundred feet, stopped his horses.   The motorman did not notice the team until he was practically upon the horses—only five or six feet from them, owing, as he testified, to the blinding effect of the headlights of automobiles.   The testimony disclosed the car was moving at a rate not exceeding eight miles an hour, and, upon ascertaining the presence of the plaintiff's team, the motorman reversed his car, too late to avoid the contact.   In the collision, the machinery controlling the hydraulic brake was broken, and the front of the car considerably damaged, as was the wagon, the force of the impact separating the horses from it.   Plaintiff was thrown to the floor of the bridge and seriously injured. There was evidence, on defendant's behalf, that the car was stopped within five or six feet from the point of collision, and, in plaintiff's, that it ran a distance of one of the bridge spans.

While other negligence was alleged in plaintiff's statement and the attempt to support it by testimony was made, in the opinion of the court below but one element of failure of duty on defendant's part was established, and the only question submitted to the jury as to its lack of care was, "the failure to have given the plaintiff a reasonable opportunity to remove his team from the tracks." Appellant contends there was error in submitting this question, that there should have been a directed verdict in its behalf.   It is also alleged that the court erred in charging that the motorman was an interested witness.

As to the last proposition, the record discloses that, after instructing the jury that plaintiff was an interested witness, the court continued: "I will say the motorman in this case is interested because he is the man who was the operator of the car at the time of the accident, and on account of whose alleged negligence the accident occurred......I have said to you that the motorman is an interested witness, I still adhere to these instructions, but the interest is not a pecuniary interest; it only goes to his credibility, because of his being the motorman in charge at the time of the accident." We think this comment was warranted under the circumstances of the case. It was proper to bring to the attention of the jury the fact that, although the motorman had no pecuniary interest, nevertheless he had that interest in his own lack of blameworthiness which might lead him to minimize his fault. This instruction was in line with that approved in Ellis v. Lake Shore, etc., R. R. Co., 138 Pa. 506, 522, where it was held, in an action against a railroad company for negligence in the management of a train, that it was proper in the charge to call attention to the fact that the engineer and fireman of the train, in testifying for the defendant, were interested witnesses in one sense, although not pecuniarily, where attention was also called to the interest of the plaintiff and his witnesses. We, therefore, overrule the assignment of error as to this feature of the charge.

As to defendant's negligence, it contends none was shown, and relies upon Wagner v. Lehigh Traction Co., 212 Pa. 132, to sustain this position. There, as here, the accident took place on a bridge, and the allegation was that defendant's car was carelessly operated. It was also averred that defendant negligently maintained its track on the bridge, that there was a space between the traveled roadway and one of the rails of the track, sufficiently wide to permit the wheel of the wagon on which appellees were riding to become wedged. The car was running at a speed of six miles an hour, well lighted by

an electric headlight, observable for several hundred feet. The plaintiffs saw the approaching car, but the motorman did not notice their wagon until within twelve feet of it, when he immediately put on the brakes and stopped within six feet beyond the place where the wagon was struck. The plaintiff maintained that if the motorman had been attending to his duty, he could have stopped the car in time to have prevented the collision. On this feature of the negligence alleged, it was held there could be no recovery. That case is differentiated from the one in hand owing to the circumstances of the great congestion of traffic on the bridge. That fact was known to the motorman and his caution in proceeding was required to be increased over what would be necessary under ordinary conditions. He was bound to take into account that there was not room for vehicles to pass in both directions on that part of the bridge outside of the track, that they were compelled to use it, and, in doing so, would have difficulty in turning out, because of the congestion of traffic in the available space. The motorman was required to be more than ordinarily alert to detect what was ahead of him. He could not proceed without having a sufficient view of the track in front of him to safeguard those who might be forced to use it, and it could not be said that he discharged his duty in this respect if he proceeded, although blinded by the lights of approaching automobiles; so advancing, he was in no different position than he would have been had he gone on with his eyes shut. Under the extraordinary situation surrounding him, he was required to have his car under such control that he would not collide with a vehicle on the track in front of him, and whether he did have it under such control and afforded an adequate opportunity to plaintiff to get his wagon clear of the track was for the jury. We think the cases of Algard v. Phila. Rapid Transit Co., 266 Pa. 390; Park v. Beaver Valley Traction Co., 262 Pa. 561, and Cannon v. Pittsburgh & Birmingham Traction Co., 194 Pa. 159, bear on

the case in hand and warranted its submission to the jury.

The assignments of error are overruled and the judgment is affirmed.