Deady et ux. *v.* Phila. R. T. Co., Appellant.

209

Argued October 2, 1930.

Before TREXLER, P. J., KELLER, LINN, GAW-THROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Warwick Potter Scott*, for appellant, cited: Kelly v. Philadelphia B. and W. Railroad Company, 270 Pa. 149; Zolden v. Shenango Valley Traction Co., 94 Pa.

*Colbert C. McClain,* and with him *William Charles Brown,* for appellee, cited: Caplan v. Phila. Rapid Transit Co., 92 Pa. Superior Ct. 251; Hughes et ux. v. Pittsburgh Transportation Co. et al., 300 Pa. 55.

OPINION BY BALDRIGE, J., December 12, 1930:

On May 15, 1928, about two o'clock in the morning, the plaintiffs were passengers on a trolley car operated by the defendant company, which was proceeding westwardly on Woodland Avenue, in Philadelphia. At a point near Forty-second Street the car collided with a truck belonging to the city, which was coming in the opposite direction. As a result of this impact, the plaintiff, Marie Deady, was injured.

The driver testified that he was engaged in flushing the streets; that his truck weighed twenty-one tons, had six wheels with a tank painted yellow having a capacity of three thousand gallons, which had just been filled, and was equipped with electric lights which were burning at the time of the accident; that he saw the trolley car first when it was three to four hundred feet away when he was "riding the dummy" with one wheel on the westbound track and one on the eastbound track. The truck was then going about four miles an hour and the car at the rate of about fifteen miles an hour. When he was two or three hundred feet away from the approaching car, he started to turn to the right in order to give it an opportunity to pass. Before he could clear the tracks the crash occurred.

Gerald Deady testified that he observed the motorman run away from his controller, "throw his hands above his head," and that three or four seconds elapsed until the car hit the truck.

There was no question of contributory negligence involved. The sole question for determination is, whether there was sufficient evidence of negligence on

the part of the defendant's motorman to justify a verdict. The learned court below held in the affirmative and with that view we concur.

We agree with the appellant that as the injury sustained was not due to some defective instrumentality of transportation, its negligence was not to be presumed, but was to be affirmatively proven by the plaintiffs who alleged it: Kelly v. P. B. & W. R. R. Co., 270 Pa. 149 (151); Zolden v. Shenango Valley Traction Co., 94 Pa. Superior Ct. 191; Orms v. Traction Bus Co., 300 Pa. 474. But with that principle, we are not concerned as the court did not so charge the jury.

Nor does this case come under the line of authorities of Wagner v. Lehigh Traction Co., 212 Pa. 132; Algard v. P. R. T. Co., 266 Pa. 390; Wilhelm v. Sunbury and Selinsgrove Rwy. Co., 281 Pa. 69; and the other cases cited, where the action was not brought by a passenger of a common carrier and the test of responsibility depended upon the exercise of ordinary care. But in a case where the safety of a passenger is involved, a common carrier for hire owes him the highest degree of care and a failure to use that standard of caution imposes a liability for injuries sustained.

In Hughes et ux. v. Pittsburgh Transportation Co., 300 Pa. 55, Mr. Justice SIMPSON, in delivering the opinion of the court, says, "The injured plaintiff was a passenger for hire in the taxicab, and the Transportation Company owed to her the highest degree of care and diligence in carrying her to her destination and enabling her to alight safely."

The driver of the truck had a right to drive on any portion of the street (Gordon v. Beaver Valley Traction Co., 247 Pa. 248) and as it was necessary for him to sprinkle both sides of the cartway, he, no doubt, found it convenient to have his truck in the middle of the street. It was the duty of the operator of the trolley car to be vigilant and alert. He was required

to keep looking continuously ahead and to have his car under such control to avoid even unusual and unexpected dangers: Tatarewicz v. United Traction Co., 220 Pa. 560; Beaumont v. Beaver Valley Traction Co., 298 Pa. 223; Flynn v. Moore, 88 Pa. Superior Ct. 361; Caplan et ux. v. P. R. T. Co., 92 Pa. Superior Ct. 251.

The motorman testified that he first saw the truck when it was about eighty feet away, but under the testimony of the plaintiffs, if the motorman had been watchful, it is reasonable to assume that he could have seen the truck a greater distance as there were no obstructions to interfere with his vision. His explanation is that he did not see the truck as the hood was painted black and the tank a dark yellow and that it displayed no lights; that although there was an electric light on Forty-second Street the shadows of the abutting houses darkened the street at the point where the accident occurred, which was about eighteen or twenty feet west of Forty-second Street. It is difficult to reconcile his testimony respecting the distance of the truck when he first saw it, as on cross examination he said, "When I first saw him I was about the east side of Forty-second, about a car length from the east side of Forty-second Street. Forty-second Street is a very wide street there on the north side, I judge about two hundred feet, two hundred and fifty feet wide, there." The jury could very well have concluded under his own testimony that he saw the car at a greater distance than eighty feet and that if he had used the utmost diligence the accident could have been avoided.

The other questions raised by the appellant do not require discussion as we find that they have not sufficient merit to disturb the verdicts of the jury.

Judgments are affirmed.