ROSARIO FERRA *vs.* UNITED ELECTRIC RAILWAYS Co.

JULY 6, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This is an action of trespass on the case for negligence in which a jury in the Superior Court returned a verdict for the plaintiff for $17,000. The case is before this court on defendant's exceptions.

The 49th exception will be first considered. This exception is to the refusal of the trial justice to grant defendant's motion for a directed verdict. The motion is based upon three grounds (1) that the plaintiff was not in the exercise of due care as a matter of law and that his failure to use due care was the proximate cause of his injury; (2) that the negligence of the driver of the truck was the sole proximate cause of the collision; (3) that there was no credible evidence of the negligence of the motorman.

The law applying to the consideration of the evidence on a motion to direct a verdict is (1) that a verdict should not be directed for a defendant if on any reasonable view of the testimony the plaintiff can recover; (2) the question of contributory negligence is generally one for the jury unless it clearly appears that the only proper inference from the facts and circumstances in the case is that an ordinary prudent person would not have acted as did the plaintiff. *Reddington* v. *Getchell,* 40 R. I. 463; *Gilbane* v. *Lent,* 41 R. I. 462. These cases have been cited and followed with approval many times.

The undisputed facts are as follows: Defendant maintains double trolley car tracks on Chalkstone avenue. The track used by the westbound cars is on the northerly side of the avenue. May 25, 1922, between 7 and 8 o'clock, p. m., there was a collision between a motor truck and a trolley car at the intersection of Chalkstone avenue and Raymond street. The truck was going northerly on Raymond street and the car was going westerly on Chalkstone avenue. The car was 28 feet long and weighed about 8 tons. The truck was 27 feet long, 7 feet wide and weighed 5½ tons. It was loaded with three pieces of cut stone, two buttresses weighing one ton each and a platform weighing 3½ tons. Each stone rested on pieces of wood (size 4″ x 4″); the platform stone was on the rear of the truck and the buttresses were between it and the cab. There was a space of about one foot between each stone. Antonio Bernardo was seated in the cab on the right driving the truck. At his left was his father; his brother was standing on the buttress on the left side of the truck holding onto the stakes back of the cab. Plaintiff was sitting on the buttress on the right side of the truck with his back to the cab and facing the rear of the truck. His left leg was on his left side of the buttress and his right leg was between the buttress and the platform stone. When the collision occurred between the truck and the trolley car the platform stone was moved forward about ten inches and crushed plaintiff's right leg against the buttress.

The important issue in the case is which vehicle ran into the other. Plaintiff testified that the first he knew of the collision was when his leg was caught between the stones. He testified that he was familiar with Chalkstone avenue and did not look or listen when the truck was approaching the avenue. Antonio Bernardo, the driver of the truck, testified that the truck was going 5 or 6 miles an hour as it reached the avenue; that when he was about 50 feet from the northerly car track he saw the trolley car about 225 feet away approaching at a speed of about 15 miles an hour; that he started to cross the avenue intending to continue northerly on Oakland avenue; that when he was opposite the curb line of Chalkstone avenue the car was about 100 to 125 feet away and had increased its speed on the down-grade; that he applied the brakes to his truck; that the car kept coming at increased speed until it was going 30 to 35 miles an hour; that his truck was twisted to the left by the car and that he could not start the engine after the collision. Two other witnesses for the plaintiff testified as to the constantly increasing speed of the trolley car on the down-grade until it struck the front of the truck and pushed it toward the west and that when the trolley car stopped it was about 35 feet from the truck.

The motorman testified that he had stopped his car at Ayrault street to let off passengers; that he started the car and then shut off the power to let the car coast down-grade towards Oakland (Raymond) avenue; that his car was going 8 to 10 miles an hour as it approached the place of the accident; that when he was 8 to 10 feet from Oakland avenue he saw the truck and reduced the speed of his car to 3 to 4 miles an hour; that when he saw the truck coming towards his car he reduced its speed as much as he could and threw in the emergency brake and then released it, and the car stopped automatically; that the collision occurred about in the middle of the street; that after the accident the front part of the truck was at the side of the car at the fourth window from the front. Testimony of

two passengers on the car was introduced tending to show the slow speed of the car as it approached Oakland avenue. It appears in the record that it had been raining and there was a question whether the street and rails were so slippery as to affect the control of the truck and the car.

The conflicting testimony as to the speed of the car and the distance it was from the truck when the truck started to cross Chalkstone avenue and as to which vehicle ran into the other created issues of fact for the jury. Under the facts testified to by the driver of the truck and the other witnesses for the plaintiff, it could not be held as a matter of law that the plaintiff was guilty of contributory negligence or that the negligence of the·driver of the truck was the sole and proximate cause of the collision. In *Hermann* v. *R. I. Co.*, 36 R. I. 447, 450, it was held that the negligence, if any, of the driver of an automobile could not be imputed to a passenger in the automobile. The court also said: "It is the duty of such guest or passenger, in circumstances similar to the one under consideration, to use reasonable care for his own safety. Whether he has exercised such a degree of care is primarily a question for the jury. It cannot be said as a matter of law that such guest or passenger is guilty of negligence because he has done nothing. In many such cases the highest degree of caution may consist of inaction." In this case it cannot be said as a matter of law that plaintiff was bound to anticipate a collision between the truck and the trolley car or a shifting of the stones on the truck as the result of such a collision. The trial justice did not err when he denied defendant's motion for a directed verdict.

Defendant submitted several requests to charge, two of them being as follows: "If you find from the evidence that the electric car had reached the point of crossing sufficiently in advance of the truck upon which the plaintiff was riding, then I charge you that the defendant had the right of way at this crossing."

"Although a person riding as a passenger in a vehicle,

who has no control over the vehicle, is not chargeable with the negligence of the driver, still, in this case if you find that the negligence of the driver of the truck was the proximate cause of the collision, then I charge you, you cannot find a verdict for the plaintiff."

The trial justice refused these two requests. Each request is a correct statement of a proposition of law applicable to the evidence in the case. The substance of these requests was not included in the general charge. Instead of charging as requested the trial justice instructed the jury that "the negligence of the driver of the truck enters into this case only so far as it tends to explain or may tend to prove or disprove that the motorman of the car was negligent." If the negligence of the driver of the truck was the sole and proximate cause of the collision, then the defendant would not be liable. The refusal to charge as requested was prejudicial to defendant and constitutes reversible error. Exceptions Nos. 51 and 54 must be sustained.

The trial justice instructed the jury that: "If Mr. Ferra handled himself as an ordinary prudent person would and the motorman was negligent, and the negligence was the proximate cause of this collision, the defendant company is liable. Now, proximate cause means simply this: if the motorman committed any act of negligence which if he had not committed it would have avoided this accident, then that negligence is the proximate cause of the accident. . . . Now, apply that rule to this case. Was Mr. Ferra, this plaintiff, in the exercise of due care, or was the motorman negligent, and was his negligence the proximate cause, contributing cause, of the collision, or did it have something to do with this collision? If those two conditions existed the plaintiff has a right to recover."

Defendant excepted to the portion of the charge in which the court said that: "if the motorman committed any act of negligence which if he had not committed it would have avoided this accident" as erroneous. The exception must be sustained as the charge imposed too high a degree of

care upon the motorman and was highly prejudicial to the defendant. Defendant would be liable to plaintiff only in the event that the negligence of its motorman was the proximate cause of the collision.

As there must be a new trial of the case for errors in the charge and refusal to charge as requested, it is unnecessary to consider the other exceptions for alleged errors occurring during the trial or the exception to the denial of defendant's motion for a new trial.

The 60th exception is to the decision overruling the demurrer to the declaration. Under the provisions of § 5132, G. L. 1923, this exception would not be open to revision as it does not appear that the verdict was erroneously affected thereby. But as there is to be a new trial of the case for the reasons already given we deem it proper to consider this exception as this is the first time defendant has had an opportunity to present it.

The demurrer alleged that it did not appear in the declaration in what respect defendant's servant was negligent in operating its trolley car. The declaration only alleged that defendant's servant so negligently operated its trolley car as to cause it to collide with the truck upon which the plaintiff was riding.

Plaintiff contends that the allegation of negligence conforms to the allegation of negligence which was held to be sufficient in the case of *Parker* v. *Prov. & Stonington S. Co.*, 17 R. I. 376. In that case the court said: "Enough must appear (in the declaration) to give the defendant notice of the character of the case which the plaintiff will undertake to prove."

The testimony produced by the plaintiff in this case tends to prove that the negligence complained of was the excessive speed at which the trolley car was operated as it approached Raymond street. There is nothing in the declaration which gave defendant notice of this claim of the plaintiff. In *Kelly* v. *Davis*, 48 R. I. 94, this court considered the sufficiency of the allegation of negligence in the

declaration and held that a general allegation of negligence was not sufficient when the facts could have been ascertained by the plaintiff; that in such a case it must be alleged with reasonable certainty in what respect defendant was negligent as he was entitled to receive fair notice by the declaration of the claim against which he would be required to defend. In *Bennett* v. *Connery & Co., Inc.*, 48 R. I. 350, the court said that if the plaintiff was unable to allege the exact cause of the accident or the precise nature of the negligence he should allege his lack of knowledge or means of knowledge.

In the case at bar plaintiff knew that the alleged negligence of defendant's servant was the excessive and increasing speed of the trolley car as it approached Raymond street. There is nothing in the declaration which gave defendant notice that it would be required to defend against this claim. The demurrer should have been sustained. After the case has been returned to the Superior Court plaintiff may upon motion amend his declaration within the discretion of the Superior Court.

Defendant's 51st, 54th, 58th, and 60th exceptions are sustained and the case is remitted to the Superior Court for further proceedings.

RATHBUN, J., dissenting. While the negligence of the operator of the truck must not be imputed to the plaintiff it is elementary that the burden was upon him to prove that he was guilty of no negligence contributing to his injury. He does not even contend that he took any caution whatever for his own safety. He knew that he was about to cross a double line of car tracks upon which electric cars passed frequently. He not only did not look for an approaching car but failed to hear the one which was coming. By a slight turn of his head he could have observed the danger and, if he could not have warned the truck driver in time to enable him to avert the collision, it is clear that he could reasonably have done something which would have prevented the injury to himself.

The authorities are practically unanimous to the effect that, knowing he was approaching a place of danger, his failure to look and listen bars his recovery, provided that the use of his senses would have warned him of the danger in time to enable him, reasonably, to have done something which would have saved himself from injury. A passenger occupying such a position as did the plaintiff is excused from using his senses only when such use would .have availed him nothing. See authorities cited *infra.*

What could the plaintiff have done to have avoided injury to himself? It was hardly the act of a prudent man familiar with the trucking of heavy blocks ·of granite to ride with one of his legs inserted in between two of such blocks in a position where a slight movement of either block toward his leg would crush it. Even assuming that he could not have warned the truck driver in time to avoid the collision, he would, had he looked, have known that a collision was most probable, if not inevitable, and the instinct of self-preservation would have caused him to extricate his leg from its dangerous position and thus prevent the injury of which he complains. He gave no attention to the warning when one of his companions close beside him shouted: "Stop. Stop." Plaintiff testified that he did not hear this warning because he was not listening.

Beach on Contributory Negligence, 3rd ed., § 115, contains a statement as follows: "Where a passenger has reason to apprehend danger he is not at liberty to leave the exercise of due care to the driver alone. . . . So it has been held that a failure to look and listen, on the part of one riding with his back to the driver, while approaching a well known railroad crossing at a fast trot, or to warn the driver, or to take any precaution whatsoever was contributory negligence barring recovery. In cases of this kind it is no less the duty of the passenger where he has the opportunity to do so than of the driver to learn of the danger and avoid it if possible."

In *Pigeon* v. *Mass. Northeastern St. Ry. Co.,* 230 Mass.

392, three of the plaintiffs were women who were seated on the front seat of a truck beside the operator. The truck, at the time it was started by the operator, was standing in a driveway. The front end of the truck was 12 feet from a car track at the end of the driveway. Until the truck started the view of the operator and the passengers was obscured by a house. The truck was started slowly and collided with a street car at the end of the driveway injuring the plaintiffs. While traveling a distance of twelve feet said plaintiffs and operator could have seen the car approaching. Held that the plaintiffs although passengers were guilty of contributory negligence as a matter of law for failure to observe the car and warn the operator of the truck. See also *Fredericks* v. *Chicago Rys. Co.*, 208 Ill. App. 172; *Vanek* v. *Chicago City Ry. Co.*, 210 Ill. App. 148; *Kirschbaum* v. *Philadelphia Rapid Transit Co.*, 73 Pa. Super. 536; *Coby* v. *Q. O. & K. C. R. Co.*, 174 Mo. App. 648, 161 S. W. 290; *Laudenberger* v. *Easton Transit Co.*, 261 Pa. St. 288, 104 Atl. 588; *Dunlap* v. *Philadelphia Rapid Transit Co.*, 248 Pa. 130, 93 Atl. 873; *Friedman* v. *United Rys. Co.*, 238 S. W. 1074; *Milner's Adm.* v. *Evansville Rys. Co.*, 188 Ky. 14, 221 S. W. 207; *Kirby* v. *Kansas City K. V. & W. Ry. Co.*, 106 Kan. 163, 186 Pac. 744; *Hutchinson* v. *Sioux City Service Co.*, 230 N. W. 387. See *Hermann* v. *R. I. Co.* 36 R. I. 447 and *Coughlin* v. *R. I. Co.*, 44 R. I. 64. See also note in 8 L. R. A. (N. S.) 671 and in L. R. A. 1915A. p. 765.

I assume that the majority do not intend to abandon the rule so firmly established and followed by other courts, and frequently recognized by this court, that a passenger cannot recover if his own negligence contributed to his injury. However, if it is a question of fact whether this plaintiff was negligent in failing to use his senses of sight and hearing and failing to withdraw his leg from between the blocks of stone when, if he had looked, he would have known that danger was imminent, what set of circumstances can be imagined which would be sufficient to warrant holding a passenger guilty of negligence as a matter of law?

The exception to the refusal to direct a verdict for the defendant should be sustained.

MURDOCK, J., concurs in the dissenting opinion of RATH-BUN, J.

*McGovern & Slattery, James A. Higgins, Louis V. Jackvony*, for plaintiff.

*Clifford Whipple, Earl A. Sweeney*, for defendant.