## Marcus, Appellant, v. Pittsburgh.

Argued March 23, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Ernest G. Nassar, Jr.,* with him *Ernest G. Nassar,* for appellant.

*Robert Engel,* Assistant City Solicitor, with him *David W. Craig,* City Solicitor, for City of Pittsburgh, appellee.

OPINION BY MR. JUSTICE MUSMANNO, September 15, 1964:

George Marcus sued the City of Pittsburgh for personal injuries resulting from a collision between the

automobile in which he was riding and a truck belonging to the City. The City in turn filed a counterclaim against Marcus. The jury returned a verdict in favor of the defendants in both instances. The plaintiff has appealed.

During the trial plaintiff's counsel, Ernest G. Nassar, called to the witness stand Richard Obringer, a law school graduate employed in the office of Mr. Nassar who had been present when the defendant's doctor examined the plaintiff. Obringer testified to what he had observed at that examination. In rebuttal, defendant's counsel called Mr. Nassar, plaintiff's attorney, to the witness stand and cross-examined him on Obringer's employment status in Nassar's office.

The purpose of this cross-examination supposedly was to show that Obringer was an interested witness. The cross-examination, however, like a kite that gets into cross-currents, went off in many directions. City counsel asked Nassar if he (Nassar) represented the United Steel Workers Union, whether the Attorney Smith associated with Nassar also represented the Steel Workers Union, how long Nassar had been at the bar, how much he paid Obringer, whether Nassar knew of any other case where an attorney sent someone else to observe a physical examination with the observer later testifying "against the word of the examining physician." The examination became an inquisition on matters wholly outside the scope of cross-examination and probably prejudiced the rights of the plaintiff who, in this battle between attorneys, became the proverbial innocent bystander on the receiving end of the flying adjectival bricks.

The phrase employed by City counsel, "against the word of the examining physician" suggested to the jury that the testimony of a physician can never be questioned. Of course, it is fundamental that any witness' testimony, regardless of profession or calling, may be combatted in a court trial.

Defendant's counsel's zeal carried him further into the fields of irrelevancy and indiscretion. He asked: "Has Mr. Obringer's compensation or status with you in any way been affected . . ." Mr. Nassar replied: "No. I always want that boy to tell the truth. It's my business to teach him legal ethics. If you want to put him on the stand, he will tell you how I teach him legal ethics. I go according to the book. If you want to ask about my reputation, Mr. Engel, you can ask about it."

Then, City counsel made a statement which was highly improper, namely, "Mr. Nassar, you must live with yourself; not me."

City counsel in his brief admits that his cross-examination was conducted in a "sharp tone", but says that this was the result of Mr. Nassar's failure to make responsive answers to the questions asked and "to his continued efforts to editorialize in glowing terms on his own professional standards." It was the tone, manner and substance of defendant's counsel's cross-examination which made it necessary for Mr. Nassar to explain away the innuendos injected by defendant's counsel to the effect that Obringer's employment status would influence his testimony in the case. Any self-respecting attorney would insist on placing on record, in the face of such innuendo, an emphatic denial of such influence plus a statement as to what his ethics do in fact consist of. City counsel cannot erase away the effect of his improper questions because of Mr. Nassar's indignation at the implications contained in the former's questions.

Since the case must go back for retrial we call attention to an error committed by the trial judge so that it may not be repeated in subsequent proceedings. In his charge to the jury the trial judge said that the employees of the defendant city who were operating the truck were not "interested witnesses." The fact

that these employees had no direct pecuniary interest in the outcome of the trial did not guarantee that they were not concerned with the verdict or that they were disinterested witnesses. See *Wilhelm v. Sunbury & S. Rwy. Co.,* 281 Pa. 69, 72; *Kins v. Deere,* 359 Pa. 106, 109.

Reversed with a venire facias de novo.

Mr. Justice JONES and Mr. Justice EAGEN concur in the result.

Mr. Chief Justice BELL dissents.