649 A.2d 1003

**Mildred SMITH, Administratrix of the Estate of Shawn P. Smith, Deceased, Appellant,**

**v.**

**Darnell Ellis STRIBLING; John Stribling and Beverly Stribling, his wife, Borough of Mount Oliver and Patrick Z. Mooney.**

Commonwealth Court of Pennsylvania.

Argued June 9, 1994.

Decided Oct. 26, 1994.

Reargument Denied Dec. 21, 1994.

190

Lester E. Zittrain, for appellant.

James P. O'Connell, for appellee Darnell Ellis Stribling.

Kenneth J. Nolan, for appellee Borough of Mount Oliver.

Before McGINLEY and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Mildred Smith (Smith), administratrix of the estate of Shawn P. Smith (Decedent), appeals an order of the Court of

Common Pleas of Allegheny County (trial court) which denied her motion for post-trial relief.

On December 13, 1989, the Decedent attempted to cross Brownsville Road on foot near its intersection with Walnut Street in the Borough of Mount Oliver (Borough). In attempting to do so, the Decedent entered Brownsville Road from between two vehicles, which were parked adjacent to a pedestrian cross-walk, and was struck by an automobile driven by Darnell Ellis Stribling (Stribling). Patrick Z. Mooney (Mooney) was the owner of one of the vehicles [1] from between which the Decedent entered Brownsville Road. Decedent died on December 22, 1989 as a result of the physical injuries suffered at the time of the accident. Decedent was twelve and one-half years old when the accident occurred.[2]

On October 3, 1991, Smith, individually and as administratrix of the Decedent's estate, brought a wrongful death and survival action against Stribling and the Borough.[3] Smith alleged that Stribling operated his vehicle in a negligent fashion and that the Borough had created a dangerous condition for pedestrians attempting to cross the road by its placement of traffic control devices and parking meters at or near the place of the accident. Smith alleged that the accident and all the damages and losses consequent thereto were the proximate results of actions of both Stribling and the Borough.

At the conclusion of the presentation of the evidence, the trial court instructed the jury and submitted special interrogatories. In response to the special interrogatories, the jury found as follows: (1) that Stribling had not been negligent; (2)

1. Mooney's vehicle was a van; the other vehicle was an automobile and its owner is unknown.

2. Decedent was born on July 28, 1977.

3. The complaint originally named John Stribling and his wife, Beverly Stribling, the owners of the vehicle which struck the Decedent, and Mooney as additional defendants herein. As per order of the trial court dated April 29, 1993, the complaint filed against John Stribling, Beverly Stribling, and the complaint joining Mooney were withdrawn and the caption was amended so as to name Stribling and the Borough as the sole defendants.

that the Borough had been negligent and that its negligence was a substantial factor in bringing about Decedent's harm; and (3) that the Decedent had been contributorily negligent and that his contributory negligence was a substantial factor in bringing about his harm. The jury apportioned the negligence between the Decedent and the Borough as follows: thirty percent (30%) for the Borough and seventy percent (70%) for the Decedent. On May 14, 1993, the trial court, pursuant to the jury's answers to the special interrogatories, entered a verdict in favor of the defendants, Stribling and the Borough.

■ Smith filed a motion for post-trial relief only as to the verdict in favor of the Borough in which she sought a new trial and the entry of judgment in her favor. The trial court, by order dated October 18, 1993, denied Smith's motion for post-trial relief. On appeal to this Court,[4] Smith raises two allegations of error.

■ Smith first contends that the trial court erred in its charge to the jury regarding the standard of care applicable to the Decedent. The essence of Smith's argument is that the trial court, by allegedly giving an erroneous charge, prejudicially affected the apportionment of negligence between the Decedent and the Borough under the principle of comparative negligence. Specifically, Smith contends that the trial court should have, in effect, ignored the specific Decedent and simply charged that children are not held to the same standard of care as adults and that a child is only required to exercise the ordinary care appropriate for a child. The trial court determined that it had, in effect, so charged.

The trial court had instructed the jury that they were to consider the charge as a whole, not picking out one instruction and disregarding others. The trial court then charged regarding the principles of negligence and contributory negligence.

4. Our scope of review is limited to determining whether the trial court abused its discretion or committed clear legal error. *Milan v. Department of Transportation*, 153 Pa.Commonwealth Ct. 276, 620 A.2d 721, *petition for allowance of appeal denied*, 535 Pa. 650, 633 A.2d 154 (1993).

In this regard, the trial court instructed the jury that it was "to consider the possibility of contributory negligence with reference to this specific decedent." (R.R. 135a.) The trial court further instructed the jury, in relevant part, as follows:

Now, as you are aware, the decedent was nearly 12 and a half years old at the time. Now, we are not talking about some generic 12 and a half year old, we are talking about this specific 12 and a half year old Shawn Smith, and you may take into consideration what proper conduct on his part for his safety would be, given the circumstances in which he lived. The young man lived, as far as the record discloses, in an urban area throughout his life, lived on a busy traffic artery, a thoroughfare in the South Hills of Pittsburgh in the Borough of Mt. Oliver, and you may take all of those facts into consideration; his age, his immaturity, the conditions in which he lived, such experiences he might have had in his lifetime in determining whether this 12 and a half year old's conduct as you find it to be from the evidence in the case constitutes contributory negligence.

(R.R. 135a–136a.)

The trial court, in addressing Smith's argument concerning the propriety of the aforementioned charge, determined that to take the Decedent's life experiences out of the mix would be to ignore reality and concluded that the charge as given was correct.

Smith, however, argues that the trial court's charge should have been the same as the portion of Section 3.10 of the *Pennsylvania Suggested Standard Civil Jury Instructions* which pertains to the standard of care for children between the ages of seven to fourteen. Smith asserts that the trial court erroneously employed a subjective standard instead of an objective standard by failing to charge that children, generally, are not held to the same standard of care as adults; that a child, generally, is required to exercise the ordinary care appropriate for a child; or that specifically, Decedent would be held to that measure of care which other children of the

same age, experience, capacity, and development would ordinarily exercise under similar circumstances.[5]

We begin by noting that the suggested jury instructions are guides only and the trial court is free to deviate from them or ignore them entirely; what is important is whether the charge as a whole provides a sufficient and correct legal basis to guide the jury in its deliberations. *City of Philadelphia v. Duda by Duda,* 141 Pa.Commonwealth Ct. 88, 595 A.2d 206 (1991); *Mackowick v. Westinghouse Electric Corporation,* 373 Pa.Superior Ct. 434, 541 A.2d 749 (1988) (en banc), *affirmed,* 525 Pa. 52, 575 A.2d 100 (1990). A trial court has wide latitude in charging the jury and may use any particular language provided the language used adequately and fully conveys to the jury the law applicable to the facts of the case. *Kearns v. Clark,* 343 Pa.Superior Ct. 30, 493 A.2d 1358 (1985); *Jones v. Port Authority of Allegheny County,* 136 Pa.Commonwealth Ct. 445, 583 A.2d 512 (1990) (although a trial court is given broad latitude in the choice of the language used in charging a jury, nevertheless, if the trial court's charge does not adequately explain the principle involved, a new trial must be granted). A trial court's refusal to use the exact language supplied by the parties is not necessarily grounds for reversal where the trial court adequately covered the pertinent legal issues. *Pagesh v. Ucman,* 403 Pa.Superior Ct. 549, 589 A.2d 747 (1991).

In order to determine whether the trial court's charge adequately and fully conveyed to the jury the law applicable to the facts herein, we must examine the standard of care applicable to persons between the ages of seven and fourteen.

---

5. Smith submitted the requested point for charge as follows:

    *8.* In this case, you are concerned with the care taken, or not taken, by Shawn Smith, who was 12 years old at the time of the accident. The law does not hold children to the same standard of care as adults. A child is required to exercise the ordinary care appropriate for a child. Specifically, he is held to that measure of care which other children of the same age, experience, capacity and development would ordinarily exercise under similar circumstances. (Pa. SSJI (Civ) 3.10.)

    (R.R. 7a.)

Our Supreme Court in *Kuhns v. Brugger*, 390 Pa. 331, 135 A.2d 395 (1957) addressed this issue as follows:

Both an adult and a minor are under an obligation to exercise reasonable care; however, the 'reasonable care' required of a minor is measured by a different yardstick—it is that measure of care which other minors of like age, experience, capacity and development would ordinarily exercise under similar circumstances.... 'The standard by which actions of children are to be measured is *the child's* capacity to appreciate the danger involved. [Citation omitted.] This capacity is usually determined by the understanding expected from children of like age, intelligence and experience....'

Brugger at the age of 12 years was not to be judged by adult standards; on the contrary, it was necessary to inquire whether his conduct was such as should reasonably have been expected of a child of like age, intelligence and experience. Brugger's culpability or exculpability of actionable negligence depended upon a measurement of his conduct based on variable factors—his capacity and understanding based upon his age, intelligence, experience, etc.; a measurement properly to be made by a jury with the opportunity to evaluate *"his individual capacity* to perceive danger." (Emphasis added).[6]

390 Pa. at 341, 135 A.2d at 401–402. The Supreme Court's analysis comports with Section 283A of the Restatement (Second) of Torts, which provides:

If the actor is a child, the standard of conduct to which he must conform to avoid being negligent is that of a reasonable person of like age, intelligence, and *experience under like circumstances.* (Emphasis added.)

**6.** Although *Kuhns* involved the alleged negligence of a child defendant, the presumptions established in that case have been applied to determining whether a child plaintiff was negligent in causing his or her own injuries. *See Duda*, 141 Pa.Commonwealth Ct. at 98, n. 6, 595 A.2d at 211, n. 6, *citing Berman v. Philadelphia Board of Education*, 310 Pa.Superior Ct. 153, 456 A.2d 545 (1983); *Dunn v. Teti*, 280 Pa.Superior Ct. 399, 421 A.2d 782 (1980).

Thus, the appropriate standard of care requires a comparison of the individual child and children of "like age, intelligence and experience." The jury herein was charged to examine the Decedent's background and experiences and then compare his acts with minors of similar age, background, and experiences. Based upon our review of the charge as a whole, we conclude that the jury was fully and properly instructed on the standard of care applicable to the Decedent and that the trial court did not commit error in instructing the jury as it did.

■ Smith next contends that the trial court erred in its charge by its characterization of Mooney as a disinterested witness. Smith asserts that the trial court applied a much too narrow and confining interpretation of interest as it applied to Mooney. A "disinterested witness" is defined as "[o]ne who has no interest in the cause or matter in issue, and who is lawfully competent to testify." Black's Law Dictionary 468 (6th ed. 1990). The trial court defined "interest" in its charge as generally meaning "someone who has had [sic] an interest in the outcome of the case, who stands to gain a benefit or suffer a detriment as the result of the outcome of the case." (R.R. 142a.) The benefit or detriment referred to by the trial court in its charge does not therefore refer solely to pecuniary gain or loss alone. *See Marcus v. City of Pittsburgh*, 415 Pa. 252, 203 A.2d 317 (1964).

Smith contends that interest is "an emotion that might cause a witness to give false testimony." (Appellant's Brief, p. 19.) The only authority offered by Smith to support the proposition that "interest" is an "emotion" is found in Wigmore which states that interest may flow from "[a] relation between the witness and the cause at issue." [7] Without referencing any evidence, Smith contends that there was a "relationship" between Mooney and the cause at issue and thus that Mooney had an "interest" in the litigation and was therefore not a "disinterested witness."

Our review of the record demonstrates beyond peradventure that Mooney, at the time he testified, was not a party to

7. 3a Wigmore, *Evidence,* § 945 at p. 782 (Chadbourn rev. 1970).

the litigation nor was there any assertion by Smith that Mooney stood "to gain a benefit or suffer a detriment as the result of the outcome of the case." Thus, the trial court did not commit error in alluding to Mooney as a disinterested witness.

Accordingly, the order of the trial court denying Smith's motion for post-trial relief will be affirmed.

## ORDER

AND NOW, this 26th day of October, 1994, the order of the Court of Common Pleas of Allegheny County, dated October 18, 1993, is affirmed.